EVERS, J. T. C.
United States Life Realty Corp. (taxpayer) seeks an order dismissing Edgewater Borough’s 1978 complaint on the grounds that it (taxpayer) is entitled to the benefit of N.J.S.A. 54:3-26 (County Board Freeze Act). Borough contends that the completion of an improvement on taxpayer’s lands bars the application of N.J.S.A. 54:3-26 (the act). The essential facts follow.
Following taxpayer’s 1976 appeal from an assessment of $4,820,069, a judgment was entered by the county tax board pursuant to a stipulation of settlement reducing the assessment to $3,970,000. The 1977 assessment was made at the level of the pre-existing 1976 judgment and thus no appeal was taken. The 1978 assessment, however, was again fixed at the original 1976 figure of $4,820,069. Taxpayer appealed to the county tax board, which reduced that assessment to the 1976 judgment level of $3,970,000. Borough appealed to the Tax Court from the 1978 county board judgment.[1]
Taxpayer’s motion to permit testimony of a former borough official to the effect that the 1976 settlement agreement was intended to include the assessments for 1977 and 1978 is rendered moot in view of the court’s finding that the Freeze Act applies.
The act provides:
Where no request for review is taken to the Tax Court to review the action or determination of the county board involving real property the judgment of the county board shall be conclusive and binding upon the municipal assessor and the taxing district for the assessment year, and for the 2 assessment years succeeding the assessment year, covered by the judgment, except as to changes in value of the property occurring after the assessment date. Where such changes are alleged the petition of appeal shall specifically set forth the nature of the changes relied upon as the basis for such appeal. However, the conclusive and binding effect of such judgment shall terminate with the tax year immediately preceding the year in which a program for a complete revaluation of all real *423 property within the district has been put into effect. [N.J.S.A. 54:3-26; emphasis supplied] [2]
There was no request for review of the 1976 determination of the county tax board. It is undisputed that no revaluation program was effective during the freeze year. Thus, in order to abrogate the application of the Freeze Act, the borough must prove a change in value in 1978. Taxpayer argues that the borough, without having first filed an appeal with the county board specifically setting forth the nature of the changes in value relied upon, is prohibited from even attempting to prove such changes at the Tax Court level. I agree.
It has been held that the act is self-executing and must be applied absent the two exceptions provided therein. See Union Terminal Cold Storage Co. v. Spence, 17 N.J. 162, 110 A.2d 110 (1964). However, this mandate presumes the existence of a “judgment final” for the base year prior to the assessment date (October 1 of the preceding year) of the freeze year. In such instance the self-executing feature of the act requires that an assessment, identical to the base-year judgment amount, be levied for the freeze years. If, in the judgment of the taxing district, the value of the property has changed in a freeze year, the taxing district must file a complaint. This procedure comports with the language of the statute; “except as to changes in the value of the property occurring after the assessment date. Where such changes are alleged the complaint shall specifically set forth the nature of the changes relied upon as the basis for such appeal.” This procedure also furthers the legislative purpose of the statute by placing the burden of going forward and proving why the freeze should not apply on the taxing district.
However, where there is no “judgment final” (where no request for review has been made on the county level) prior to *424 the freeze year assessment date, the situation differs. N.J.S.A. 54:A-23 provides, in pertinent part,- that the assessor shall “determine the full and fair value of each parcel of real property ... at such price, as in his judgment, it would sell for at a fair and bona fide sale by private contract on October 1 [of the pretax year] . . . . ” Thus, without a prior “judgment final” there exists no ceiling on an assessment (except as required by proper valuation practices) for a freeze year. The assessor is required to set the assessment at that value which, in his judgment, the property would command on the assessing date.
Borough relies on Wayne Tp. v. Robbie’s, Inc., 118 N.J.Super. 129, 286 A.2d 725 (App.Div.1972), certif. den. 60 N.J. 351, 289 A.2d 796 (1972), in opposition to the motion. In Robbie’s the taxpayer sought to apply the Freeze Act (N.J.S.A. 54:2-43) to the 1969 tax year. Taxpayer’s appeals for 1967 and 1968 culminated in a Division of Tax Appeals judgment which reduced the original assessments (below the 1969 assessment also) which was entered subsequent to the October 1, 1968 assessment date for the 1969 Freeze Act year.[3] At the time of making the 1969 assessment, therefore, there existed no “judgment final” which had to be recognized by the assessor. The assessor had no assessment ceiling to adhere to. Indeed, he was compelled to place on the property a true value pursuant to N.J.S.A. 54:4-23. Under the circumstances in Robbie’s it was unnecessary for the taxing district to file an appeal, for as the court noted:
... there was nothing from which it could have appealed. For the tax year 1969 the municipality fixed the original assessment of the land at $107,000 and the county board affirmed. Obviously, the municipality was not aggrieved thereby and therefore had no occasion to appeal to the Division. N.J.S.A. 54:2-39. [at 133, 286 A.2d 725]
In the instant matter it is clear that the judgment of the county tax board became final upon the expiration of the appeal period therefrom — a time well in advance of the 1978 tax year *425 assessment date. In the circumstance the Freeze Act mandates that the assessment remain static and that the taxing district institute an action if it seeks to “unfreeze” the “freeze.”
The cases interpreting it are replete with statements identifying the unequivocal legislative intent underlying the act. The classic statement of the obvious legislative purpose is found in Newark v. Fischer, 8 N.J. 191, 84 A.2d 547 (1951):
The evil which the “freeze” statute sought to remedy was repeated, yearly increases in the assessment value of property, not related to or justified by the changes increasing its market value, and resulting in harassment of taxpayer, subjecting him to the trouble and expense of annual appeals to the county tax board, [at 199, 84 A.2d 547]
Clearly, the conclusion found in Robbie’s does not apply here. Quite to the contrary, the pre-existing judgment mandated that the taxing district maintain the freeze year assessment at the base year level (1976) and thence file a complaint alleging and setting forth the specific facts as to why the freeze should not apply. By unilaterally increasing the assessment subsequent to the entry of a final judgment for the base year which, prior to the assessment date, became final, the taxing district was in clear violation of N.J.S.A. 54:3-26.
In granting this motion the court is simply reiterating the construction of the act which was set forth in the 1954 decision in Union Terminal Cold Storage which held the act to be mandatory and self-executing. That construction merely supports the fundamental proposition of the act itself.
The 1978 assessment is frozen at the 1976 base year judgment level. Accordingly the Clerk of the Tax Court is directed to enter judgment as follows.
$ 816,000 Land
3,154,000 Improvements
$3,970,000 Total

A complaint for 1979 is not included in this motion.

This provision is the analogue of the Tax Court Freeze Act, N.J.S.A. 54:2-43. It differs from the Tax Court counterpart in that it employs the terminology “where no request for review is taken”. The Tax Court Act refers to “judgment final.” Notwithstanding the different terminology, it is clear that the freeze in both instances does not apply until the time to file an appeal from the base year judgment has expired.

Not readily apparent from the opinion was the fact that the judgment on the 1967-1968 appeals was entered April 7, 1969.