294 N.J. Super. 294 (1996)
683 A.2d 235
AVR REALTY CO., C/O ROSE, PLAINTIFF-RESPONDENT,
v.
CRANFORD TOWNSHIP, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 25, 1996.
Decided October 22, 1996.
*296 Before Judges PRESSLER, STERN and HUMPHREYS.
Robert F. Renaud argued the cause for appellant (Palumbo & Renaud, attorneys; Mr. Renaud, on the brief).
William J. Sitar argued the cause for respondent (Mandelbaum & Mandelbaum, attorneys; Steven R. Irwin, of counsel and on the brief with Mr. Sitar).
The opinion of the court was delivered by PRESSLER, P.J.A.D.
This is a Freeze Act case arising under N.J.S.A. 54:51A-8. Defendant municipality, Township of Cranford, appeals from a judgment of the Tax Court granting the motion of the taxpayer, plaintiff AVR Realty Co., for application of the Freeze Act to its 1994 assessment despite the Township's claim of a change in value. *297 We affirm, but for somewhat different reasons than those relied on by the Tax Court.
These are the facts relevant to the Freeze Act issue. The subject property, approximately seven acres in area, is a mixed-use commercial development consisting of some 193,000 square feet of building space used for leasable office space, a motel, and a restaurant and banquet facility. The total assessment of the property as of October 1, 1991, for tax year 1992 was $14,884,100, $4,649,000 for land and $10,235,100 for improvements. AVR appealed. The assessment for tax year 1993 was in the same amount, and that assessment was appealed as well. The assessment for tax year 1994, identical to the 1992 and 1993 assessments, was made prior to the consolidated trial of the 1992 and 1993 tax appeals. That trial resulted in judgments entered on June 2, 1995, reducing the improvements component of the assessment for each of the two years in controversy. The judgment for 1993, which the taxpayer asserts is the base year for Freeze Act purposes, affirmed the assessor's land assessment but reduced the improvements assessment to $6,521,000, a reduction of just under four million dollars.
By the time the judgment for 1993 was entered, AVR had already filed an appeal from the 1994 assessment, which was dismissed, however, pursuant to N.J.S.A. 54:4-34. Thus, following entry of the 1993 judgment, AVR moved the Tax Court, as provided by R. 8:7(d), for Freeze Act relief for 1994 based on the judgment for 1993. Cranford opposed the motion, asserting that a change of value prior to the 1993 assessing date precluded that relief. The motion was decided in AVR's favor, and Cranford appeals.
N.J.S.A. 54:51A-8, the Freeze Act applicable to Tax Court judgments, provides that:
Where a final judgment has been rendered by the tax court involving real property, the judgment shall be conclusive and binding upon the municipal assessor and the taxing district, parties to the proceeding, for the assessment year and for the 2 assessment years succeeding the assessment year covered by the final judgment, except as to changes in the value of the property occurring after the *298 assessment date. Where those changes are alleged, the complaint shall specifically set forth the nature of the changes relied upon as the basis for the appeal. However, the conclusive and binding effect of the judgment shall terminate with the tax year immediately preceding the year in which a program for a complete revaluation of all real property within the district has been put into effect.
The statute thus provides a clear and unequivocal mandate to taxing districts. They must accord the taxpayer the benefit of the Tax Court judgment for the two tax years following the last year encompassed by the judgment  that is, the base year  unless there has been a general revaluation or a change of value of the subject property prior to the assessment date for a "freeze" year. See Union Terminal Cold Storage Co. v. Spence, 17 N.J. 162, 167, 110 A.2d 110 (1954). The public policy implicit in Freeze Act provisions is clear. As explained by the Supreme Court in Borough of Hasbrouck Heights, Bergen County v. Div. of Tax Appeals, 41 N.J. 492, 498, 197 A.2d 553 (1964), in construing the cognate provision applicable to the former Division of Tax Appeals, replaced by the Tax Court,[1] "... the legislative purpose of the Freeze Act is to eliminate the harassment of requiring yearly appeals to be taken to the county and state tax boards where there has been no change in the value of the property." See also Newark v. Fischer, 8 N.J. 191, 199-200, 84 A.2d 547 (1951), noting that the "evil which the `freeze' statute sought to remedy was repeated yearly increases in the assessed value of property, not related to or justified by any changes increasing its market value, and resulting in harassment of the taxpayer, subjecting him to the trouble and expense of annual appeals...." See also Riverview Gardens Section One v. North Arlington Borough, 9 N.J. 167, 171-173, 87 A.2d 425 (1952). Accordingly, we address the change-of-value exception, upon which Cranford relies, in the light of the protection that the Legislature intended to accord taxpayers by enactment of the Freeze Act.
We deal first with the procedural issues posed by this appeal. To begin with, we recognize that because of the assessor's *299 statutory obligation to evaluate the property annually as of October 1 next preceding assessment year, the techniques available to a taxing district for asserting a change-of-value claim depends on the timing of the entry of the Freeze Act judgment. That is to say, if the judgment for the base year has been entered prior to the assessment date for the Freeze-Act years, the assessor is no longer at liberty to make an independent assessment of value as of that date. Because the Freeze Act is self-executing, the assessor is obliged simply to conform the assessment for the freeze years to the judgment. Should the assessor believe that there has been a change of value as of the assessment date, the Freeze Act expressly requires the taxing districts to file a complaint seeking relief from the base year assessment. See, e.g., Clearview Gardens v. Parsippany-Troy Hills Tp., 196 N.J. Super. 323, 329, 482 A.2d 523 (App.Div. 1984); Curtiss Wright Corp. v. Wood-Ridge Borough, 4 N.J. Tax 68, 74 (Tax Ct. 1982); Borough of Edgewater v. United States Life Realty Corp., 2 N.J. Tax 421, 423 (Tax Ct.), aff'd 4 N.J. Tax 531 (1982).
The situation is, of course, quite different if the assessment is made before the entry of final judgment for the base year. Obviously, even though the assessor may know that the prior year's assessment has been challenged by the taxpayer, the assessor cannot know what the outcome of the challenge will be and what, if any, will be the base and the freeze years. Thus, until final judgment is entered there is no constraint upon the assessor's exercise of the statutory obligation to assess annually according to true value on the assessment date, and there is neither reason nor opportunity, prior to the fact, to require the assessor to file a complaint in order to increase the prior year's assessment. If a final judgment is entered in the taxpayer's favor after that date, it is then the taxpayer's burden to seek the benefit of the Freeze Act by a motion filed in the original cause. R. 8:7(d). And if the assessor is of the view that a change of value has occurred between the base year assessment date and the freeze year assessment date, the taxpayer's motion can be defended against *300 by the assertion of and, ultimately, by proof of that change. See Clearview Gardens, supra, Hudson Terrace Apts. v. Borough of Fort Lee, 191 N.J. Super. 489, 491-492, 467 A.2d 1092 (App.Div. 1982); Tp. of Wayne v. Robbie's, Inc., 118 N.J. Super. 129, 286 A.2d 725 (App.Div. 1972); 2nd Roc-Jersey Assocs. v. Morristown, 11 N.J. Tax 45, 51 (Tax Ct. 1990); Union Min. and Alloys Corp. v. Kearny, 11 N.J. Tax 280, 283 (Tax Ct. 1990), aff'd 13 N.J. Tax 114 (1992); Chevron USA v. Perth Amboy, 11 N.J. Tax 190, 194-195 (Tax Ct. 1990); Cumberland Arms Associates v. Burlington Tp., 10 N.J. Tax 255, 262-263 (Tax Ct. 1988).
For the foregoing reasons, and because the final judgment was entered here after the assessing date for the freeze year, it is plain that the Tax Court erred in its holding that Cranford's failure to file a complaint challenging application of the Freeze Act to tax year 1994 was fatal to its right to defend against AVR's motion. We affirm the Tax Court's grant of that motion, however, because we are satisfied that Cranford's opposition thereto did not meet the standard for a prima facie demonstration of a change in value warranting exception to the Freeze Act mandate.
To begin with, we are in full accord with the holding of Cumberland Arms Associates, 10 N.J. Tax at 272, for the reasons there articulated by Judge Lario, that
in order for a taxing district to defeat the two-year freeze mandated by the Freeze Act by an allegation of change in value, ... the taxing district must first demonstrate that the alleged change is the result of either an internal or an external change occurring after the base-year assessing date which substantially and meaningfully increased the property's value. A presentation that the subject property's alleged increased value is the result solely of general inflationary trends ... fails to meet this test.
As Judge Lario explained
It is obvious that the Court in Riverview Gardens, supra and Hasbrouck Heights, supra construed a Freeze Act application hearing to be other than a regular fair market valuation hearing. To hold otherwise would "not [be] in accord with the legislative intent," 9 N.J. at 173, 87 A.2d 425, in that to defend a fair market valuation hearing the taxpayer would be required to incur the expense of hiring a real estate appraisal expert to prepare and testify to a full true value appraisal "merely because [the taxing district] has obtained additional  or  better evidence." Hasbrouck Heights, 41 N.J. at 497, 197 A.2d 553, "[t]he evil which the `freeze' *301 statute sought to remedy." Newark v. Fischer, 8 N.J. 191, 199-200, 84 A.2d 547 (1951).
[Id. at 271.]
We consider Cranford's showing in defense of AVR's motion in the light of these principles.
Cranford's opposition to the Freeze Act motion relied on the certification of its assessor, who asserted that the change of value derived essentially from two facts. First was the change in use of the motel portion of the property to a senior citizens' assisted-living facility. Second was the construction of 8,600 square feet of new space connected to the original motel building "to house administrative offices, a reception area, a dining area and a lounge for Senior Quarters." We have no doubt that a change in use, to the extent it may significantly affect the capitalization method of assessment, the method here used, may effect a substantial and meaningful change in value. So may a substantial addition to the improvements. Nevertheless, the certification failed to show that these use and structural changes effected a change of value as of October 1, 1993.
We reach this conclusion for several reasons. First, according to the assessor's certification, while the variances and site plan approvals required by AVR for the construction and use conversion were granted in the spring of 1992, the building permit was not issued until June 1993, and a temporary certificate of occupancy not issued until November 4, 1993. There is nothing in the certification suggesting that the new construction and converted-use space had been completed prior to that time in the sense of being "substantially ready for the use for which it was intended" or that it was, in fact, so used. N.J.S.A. 54:4-63.1. See also Beranto Towers v. City of Passaic, 1 N.J. Tax 344 (Tax Ct. 1980). Nor was there an added assessment based on completion of the improvement and conversion between October 1, 1993, and January 4, 1994. See N.J.S.A. 54:4-63.2. Finally, there is nothing in the certification to suggest that the assessment made by the assessor on October 1, 1993, included or took into account a partial *302 assessment based on the uncompleted construction.[2] To the contrary, the clear inference is that in making the 1994 assessment as of October 1, 1993, the assessor did not take into account any change in value at all, simply having assessed the property in exactly the same amount as for the two prior years.
Plainly then, in the assessor's judgment the 1992 and 1993 assessments represented the fair value of the property at the time he made them although he was to be later proved wrong by the Tax Court. When the assessor made the 1994 assessment as of October 1, 1993, he evidently did so in the bona fide belief that the prior assessment was still "good" vis-a-vis the true value of the property. The inference is thus inescapable that the 1994 assessment was not made on the basis of a change of value occurring after the prior assessing date. We are, therefore constrained to conclude that the opposition to the taxpayer's Freeze Act motion was simply an after-the-fact attempt to justify the original assessment which the Tax Court had adjudged to have been too high. For these reasons, we conclude that Cranford's showing in opposition to the Freeze Act motion was inadequate to defeat it.
As we have noted, it may well be that at some point subsequent to October 1, 1993, there was a change in value based on the new construction and the use-conversion. But that change was not the apparent basis of the assessment made as of October 1, 1993, and hence that assessment is not defensible against the Freeze Act on a change of value theory. We do not address Cranford's available remedies with respect to subsequent years in accordance with the techniques the statutes afford it in the circumstances.
The order appealed from is affirmed.
NOTES
[1] N.J.S.A. 54:2-43, repealed by L. 1983, c. 45, § 1.
[2] See Snyder v. Borough of South Plainfield, 1 N.J. Tax 3, 7 (Tax Ct. 1980), explaining that

[i]n the event that improvements are in the process of construction on October 1, the assessment is based upon the proportion of the final value which is present on the assessment date and is usually referred to as a partial assessment. Appeal of New York State Realty & Terminal Co., 21 N.J. 90, 121 A.2d 21 (1956).