KUSKIN, J.
In MSGW Real Estate Fund, LLC v. Mountain Lakes Bor., 18 N.J.Tax 364 (Tax 1998), this court determined, after the trial of appeals filed by plaintiff with respect to the 1997 and 1998 local *97 property tax assessments on its property in the Borough of Mountain Lakes, that the value of the property was $8,900,000 for tax year 1997 and $9,900,000 for tax year 1998. Application of the appropriate ratios under N.J.S.A. 54:1-35(a) and N.J.S.A. 54:51A-6 (Chapter 123) produced assessments of $8,756,700 for 1997 and $9,623,800 for 1998, and judgments in those amounts were entered on February 19, 1999. Plaintiff now moves for application of the Freeze Act to reduce the 1999 assessment on the subject property to $8,756,700 based upon the 1997 judgment. The Freeze Act statute applicable to Tax Court judgments is N.J.S.A. 54:51A-8, which provides, in relevant part, as follows:
Where a final judgment has been rendered by the tax court involving real property, the judgment shall be conclusive and binding upon the municipal assessor and the taxing district, parties to the proceeding, for the assessment year and for the 2 assessment years succeeding the assessment year covered by the final judgment, except as to changes in the value of the property occurring after the assessment date.
Defendant resists the motion on three grounds: (1) that the judgment for tax year 1998 must serve as the base year judgment for application of the Freeze Act for 1999, and plaintiff does not have the option of selecting either of the two litigated years as the base year; (2) the court has previously determined that a change in value occurred between 1997 and 1998 which precludes application of the Freeze Act to 1999; and (3) the court’s determination of a change in value between 1997 and 1998 warrants an evidentiary hearing as to whether a change in value occurred between 1997 and 1999.
Plaintiff responds to defendant’s contentions by asserting that plaintiffs selection of 1997 as the base year for a 1999 Freeze Act Application is consistent with the language and purpose of the Act. Plaintiff further contends that the basis for the difference in value between 1997 and 1998, as previously determined by the court, was a change in highest and best use, and that such a change does not constitute a “change in value” under the Act.
The purpose of the Freeze Act was articulated in AVR Realty Co. v. Cranford Tp., 294 N.J.Super. 294, 683 A.2d 235 *98 (App.Div.1996), certif. denied, 148 N.J. 460, 690 A.2d 608 (1997), as follows:
As explained by the Supreme Court in Borough of Hasbrouck Heights, Bergen County v. Div. of Tax Appeals, 41 N.J. 492, 498, 197 A.2d 553 ..., in construing the cognate provision applicable to the former Division of Tax Appeals, replaced by the Tax Court, “... the legislative purpose of the Freeze Act is to eliminate the harassment of requiring yearly appeals to be taken to the county and state tax boards where there has been no change in the value of the property.” See also Newark v. Fischer, 8 N.J. 191, 199-200, 84 A.2d 547 ... (1951), noting that the “evil which the ‘freeze’ statute sought to remedy was repeated yearly increases in the assessed value of property, not related to or justified by any changes increasing its market value, and resulting in harassment of the taxpayer, subjecting him to the trouble and expense of annual appeals ...” See also Riverview Gardens Section One v. North Arlington Borough, 9 N.J. 167, 171-173, 87 A.2d 425 ... (1952).
[Id., at 298, 683 A.2d 235 (footnote omitted).]
The Freeze Act does not require the assessor to make value determinations for either of the freeze years, and “[a]n assessment that is either too high or too low may be ‘frozen’ under the [Freeze Act] and remain so for the statutory period unless there were changes in the value of the property ‘after the assessment date.’ ” Riverview Gardens Section One Inc. v. North Arlington Bor., 9 N.J. 167, 173, 87 A.2d 425 (1952). Application of the Act, therefore, is mechanical and automatic.
[I]f the judgment for the base year has been entered prior to the assessment date for the Freeze-Act years, the assessor is no longer at liberty to make an independent assessment of value as of that date. Because the Freeze Act is self-executing, the assessor is obliged simply to conform the assessment for the freeze years to the judgment.
[AVR Realty Co. v. Cranford Tp., supra, 294 N.J.Super. at 299, 683 A.2d 235.]
The purpose of the Freeze Act was the primary basis for the Tax Court’s decision in Murnick v. Asbury Park City 5 N.J.Tax 406(Tax), aff’d o.b. per curiam, 193 N.J.Super. 1, 471 A.2d 1203 (App.Div.1983). In that case, the court conducted a trial with respect to the taxpayers’ appeals of the 1977, 1978 and 1979 assessments on them property. The Appellate Division thereafter affirmed the Tax Court judgment for the 1977 tax year, reversed the judgment for 1978, vacated the judgment for 1979, and remanded the 1978 and 1979 appeals, Murnick v. Asbury Park, 187 N.J.Super. 455, 455 A.2d 504 (App.Div.1982), rev’d in part, aff’d. in part, 95 N.J. 452, 471 A.2d 1196 (1984). While a notice of *99 appeal was pending in the New Jersey Supreme Court, the taxpayers moved before the Tax Court for application of the Freeze Act to 1978 and 1979, using the 1977 judgment as the base year judgment. The Tax Court noted that “[i]t appears facially that plaintiffs application fits the statutory language utilized in the Freeze Act,” Murnick v. Asbury Park City, supra, 5 N.J.Tax at 412, but, after discussing the purpose of the Act, the court denied the motion.
Notwithstanding the fart that plaintiffs were denied earlier Freeze Act relief because there was no base year judgment upon which such relief could be granted, the Freeze Act was not designed to provide a remedy for the situation in which plaintiffs now find themselves. The Freeze Act was not meant to be a vehicle for taxpayers to obtain lower assessments, but is a remedy to remove the necessity of yearly litigation in the face of unjustified annual increases m assessment. That litigation has now taken place, and application of the Freeze Act now obviously will not relieve plaintiffs from that burden.. .
Giving the statute the requisite construction consistent with the policy considerations of the Freeze Act, it is my conclusion that the Freeze Act cannot be applied to the present factual situation.
[Id. at 414. |
The facts relating to plaintiffs motion are somewhat different from those in Murnick. Here, plaintiff has litigated the assessment on its property for each of two potential base years, but has not litigated the assessment for the freeze year, 1999. The significance of this factual difference, and whether plaintiff may elect, as the base year judgment for a 1999 freeze, either the judgment for 1997 or the judgment for 1998, must be determined in light of the purpose and self-executing operation of the Freeze Act.
As discussed above, the Act was intended to prevent harassment of taxpayers and eliminate the need for yearly litigation of assessment appeals. The Act was not intended to serve as “a vehicle for taxpayers to obtain lower assessments.” Find. The purpose of the Freeze Act would be served by using either the 1997 or 1998 judgment as the base year judgment. Permitting plaintiff to elect either base year judgment, therefore, is not necessary in order to effectuate the statutory purpose, and would enable plaintiff to manipulate the Act and improperly use it as a device to obtain the lowest possible assessment on plaintiff’s *100 property for 1999. Such manipulation is not the only consequence flowing from plaintiffs position. Allowing a taxpayer to elect the applicable base year could thwart the self-executing operation of the Freeze Act.
The judgments with respect to plaintiffs 1997 and 1998 appeals were not entered prior to October 1, 1998, the assessing date applicable to the tax year 1999, and, therefore, those judgments did not control the 1999 assessment. If, however, the judgments had been entered prior to October 1, 1998, the Mountain Lakes tax assessor would have been obligated to assess the property for 1999 in accordance with the base year judgment. AVR Realty Co. v. Cranford Tp., supra, 294 N.J. Super, at 299, 683 A.2d 235. But which base year judgment should the assessor use? If plaintiff is correct that a taxpayer may elect either of two litigated years as the base year, the assessor would require the taxpayer’s input. The Freeze Act could no longer be applied mechanically, and the assessor would be in the extraordinary position of, in effect, allowing the taxpayer to determine the 1999 assessment on its property. This result is in direct conflict with the assessor’s statutory obligation to act independently in setting assessments. See N.J.S.A. 54:4-23 (providing that “[t]he assessor shall ... determine the full and fan- value of each parcel of real property situate in the taxing district____”) and N.J.S.A. 54:4-23.3a(c) (providing that, even if the Commissioner of the Department of Environmental Protection determines that property qualifies for farailand assessment, “the assessor may, upon his own determination ..., approve or disapprove the application.”). See also Estell Manor City v. Stern, 14 N.J.Tax 394, 415 (Tax 1995) (describing the assessor’s obligations under N.J.S.A. 54:4-23.3a(c) and -23.3a(d)) and Snyder v. Sparta Tp., 16 N.J.Tax 321, 327 (Tax 1997) (discussing consistent court recognition of the importance of assessors’ independence).
The policy considerations relating to the Freeze Act, as well as the mechanical self-executing operation of the Act, require the conclusion that, having elected to litigate two years, plaintiff has *101 waived the right to rely upon the judgment for the earlier litigated year as the base year judgment for Freeze Act purposes.
The [Freeze Act] statute thus . . provides a clear and unequivocal mandate to taxing districts. They must accord the taxpayer the benefit of the Tax Court judgment for the two tax years following the last year encompassed by the judgment — that is the base year — unless there has been a general revaluation or change of value of the subject property prior to the assessment date for a “freeze” year.
[AVR Realty Co. v. Cranford Tp., supra, 294 N.J.Super. at 298, 683 A.2d 235 (emphasis supplied) (citations omitted).]
Although the reference in this quotation to the “two tax years following the last year encompassed by the judgment” was not written in the context of the issue now before this court, the language is nevertheless applicable. The repose from litigation for the two years following a litigated year, contemplated by N.J.S.A. 54:51A-8, can be effectuated only by applying the freeze to the last litigated year. In addition, only by so applying the freeze can the improper manipulation of the statute be prevented.
Plaintiff’s motion for a Freeze Act judgment for tax year 1999, based upon this court’s 1997 judgment, is denied. The base year judgment to be used in applying the Freeze Act to tax year 1999 is the judgment for tax year 1998. This ruling renders unnecessary any discussion of the contentions of the parties with respect to change in value.