PER CURIAM.
This appeal and cross-appeal relate to the 1995 tax assessment by Park Ridge Borough (Borough) of property owned and utilized by plaintiff, Brae Associates c/o Hertz Realty, as its corporate headquarters. The property consists of a 14.56-acre parcel with a 226,568 square-foot commercial building.
The matter has been before this court previously. See Brae Assoc. c/o Hertz Realty v. Park Ridge Borough, 19 N.J.Tax 306 (App.Div.2001), and 19 N.J.Tax 316 (App.Div.2001). Suffice it to say, the initial phase of the dispute related to plaintiffs successful tax appeal for the tax years 1990 through 1995 in which the judgment of the Tax Court set the 1995 assessment of the property at $32,630,600. The Borough appealed that judgment and, during the pendency of the appeal, plaintiff filed a motion in the Tax Court seeking interim relief under the “Freeze Act,” N.J.S.A. 54:51A-8 (Freeze Act), with respect to the 1996 and 1997 assessments on the subject property.[1] Plaintiff also filed tax appeals for the years 1996 through 2001.
Because the judgment was still subject to appellate review, the Tax Court denied plaintiff the interim Freeze Act relief it sought. That determination was affirmed by this court on March 6, 2001, see Brae Assoc., supra, 19 N.J.Tax at 316-17, and on September 20, 2001, the Supreme Court denied plaintiffs petition for certification, reported at 170 N.J. 87, 784 A.2d 719. On the same date, the Supreme Court denied the Borough’s appeal of the Tax Court judgments establishing the property assessments for the years 1990 through 1995, and the judgments became final. Ibid.
Shortly thereafter, on October 3, 2001, plaintiff filed a motion in the Tax Court seeking to freeze the 1996 and 1997 assessments on the property at $32,630,600 under the Freeze Act. The motion was *118 made returnable on October 26, 2001 before Judge Kahn, the same Tax Court judge who had presided in the initial tax appeal.
On October 26, 2001, the Borough moved to adjourn the hearing for two weeks to permit “limited due diligence” discovery with respect to changes in the building’s value between the 1995 base year judgment and the 1996 and 1997 “freeze” years. In support of its position that an adjournment was appropriate, the Borough argued that, as a matter of collegiality, an adjournment should be granted inasmuch as the parties routinely agreed to such adjournments, and that the time had not yet expired for the Borough’s response because it was entitled to twenty-eight days from the filing of plaintiffs motion for Freeze Act relief to file its opposition. The Borough also relied on certain testimony given by plaintiffs valuation expert, Dale Kilpatrick, during the 1997 trial.[2]
The Tax Court judge denied the Borough’s request for an adjournment, essentially noting the pro forma nature of a Freeze Act application and concluding, in the circumstances of this case, that if a substantial change in valuation had occurred, “the change would not have escaped the notice of the Borough.” Accordingly, the judge rejected the Borough’s adjournment request. On October 26, 2001, the Tax Court entered an order granting plaintiff Freeze Act relief “reducing the assessment on Plaintiffs property for 1996 and 1997 in accordance with the 1995 Tax Court judgment.”
The court’s decision to grant Freeze Act relief to the taxpayer was memorialized in three separate judgments signed by the Administrator of the Tax Court, Doris A. DeBiasi, for each of the years at issue. The judgment concerning tax year 1995 was entered on November 9, 2001, and contained the following paragraph:
3. This judgment is a final disposition of this case and the entire controversy and of any actions pending or hereafter instituted by the parties concerning the *119 assessment on the property referred to herein for said Freeze Act year(s). No Freeze Act year(s) shall be the basis of application of the Freeze Act for any subsequent year.
Consistent therewith, on November 16, 2001, the Tax Court Administrator entered two additional judgments dismissing plaintiffs tax appeals for the years 1996 and 1997.
On December 5, 2001, the Borough filed an appeal of the October 26, 2001 order. On November 20, 2001, counsel for plaintiff wrote to the Tax Court judge objecting to the form of the judgment with respect to the tax years 1996 and 1997, objecting to the language the Administrator had included in the judgments, and asserting that the Freeze Act “is not a bar to a further reduction for a year in which Freeze Act Relief has been granted unless the taxpayer so requests.” Plaintiff maintained that a final disposition of the assessments for those years had not been determined by the court and requested that the judgment be amended. We reproduce the letter here in its entirety:
I am in receipt of Judgment reducing the assessment according to the Freeze Act for tax years 1996 and 1997. The Judgment contains language stating that the Judgment is a final disposition of the ease and the entire controversy for those years (paragraph 3). Neither my Notice of Motion nor the Supporting Brief nor my oral argument requested that additional relief. Likewise, my recollection of Your Honor’s ruling is that the Freeze Act relief shall be granted, however, again there was no direction in Your Honor’s oral ruling that the Freeze Act should be a final determination for those tax years.
This ease clearly establishes that the Freeze Act is not a bar to a further reduction for a year in which Freeze Act relief has been granted unless the taxpayer so requests and, indeed, I have been to the Appellate Division on at least two (2) occasions and received rulings to that affect from two (2) different Appellate Division panels.
While it is possible that Plaintiff will not pursue relief for further reduction for tax years 1996 and 1997 it is certainly premature to make that determination at this time.
Under the circumstances, it is respectfully requested that the clerk be directed to enter an amended Judgment for tax year 1996 and 1997 deleting paragraph three (3) from the Judgment.
The letter went unanswered. On December 21, 2001, plaintiff filed a cross-appeal of the judgments entered on November 9 and November 16,2001.
On appeal from the October 26, 2001 order granting plaintiffs Freeze Act motion, the Borough raises the same issues as present *120 ed to the Tax Court, namely, that the court erred in not granting it an adjournment to permit it to conduct “due diligence” discovery concerning the “increase in value” of the property and that it was entitled to twenty-eight days to file its opposition. On its cross-appeal, plaintiff contends that disposition of the Freeze Act motion should not be considered a final disposition for the tax years in which relief is sought, and the Tax Court therefore erred in dismissing the tax appeals for the years 1996 and 1997.
We have carefully considered the record and the oral and written arguments advanced by the parties in the light of the applicable law, and conclude that the Borough’s contentions on appeal are without sufficient merit to warrant discussion in a written decision. R. 2:3 — 11(e)(1)(E); see Alpine Country Club v. Borough of Demurest, 354 N.J.Super. 387, 390, 807 A.2d 257 (App.Div.2002) (recognizing the special expertise of the Tax Court and the deference to which its findings are entitled) (citing Glenpointe Assoc. v. Tp. of Teaneck, 241 N.J.Super. 37, 46, 574 A.2d 459 (App.Div.), certif. denied, 122 N.J. 391, 585 A.2d 392 (1990)). We affirm the order entered on October 26, 2001 substantially for the reasons given by Judge Kahn in his oral decision of October 26, 2001. We add only these brief comments.
The judge did not misapply his discretion in denying the Borough an adjournment. The “proof’ and reasons offered by the Borough for an adjournment were insufficient to justify discovery in anticipation of a plenary hearing. See AVR I, supra, 294 N.J.Super. at 300, 683 A.2d 235 (noting that in order to obtain a plenary hearing (and therefore discovery), the municipality must make a prima facie showing that the changes to the property substantially and meaningfully increased the value of the property). Although the judge did not make specific findings or conclusions with respect to the Borough’s contention that it was entitled to twenty-eight days to respond to the taxpayer’s motion under the Freeze Act, it is clear that the judge implicitly found no such requirement in light of his view of a taxpayer’s automatic entitlement to such relief in most cases. In any event, that our Court Rules do not expressly require twenty-eight days notice on a Freeze Act application.
*121 As to the cross-appeal, the issue presented is whether the granting of Freeze Act relief constitutes an election of remedies, precluding a taxpayer from continuing to pursue a timely filed complaint challenging the property’s underlying assessment for the same years in which the taxpayer has already obtained Freeze Act relief. Plaintiff maintains that Clearview Gardens v. Parsippany-Troy Hills Township, 196 N.J.Super. 323, 482 A.2d 523 (App.Div.1984), controls here, and that a taxpayer may simultaneously seek to obtain, and actually obtain, Freeze Act relief, while still reserving its right to proceed on its previously filed tax appeals seeking a further reduction for the years in which it has already had its assessment reduced. Accordingly, plaintiff insists that the Administrator improperly dismissed its tax appeals for 1996 and 1997.
At oral argument, both sides agreed that the form of judgment at issue in this case is uniformly used by the Tax Court Administrator to finalize Freeze Act cases, that the problem caused by the form of judgment is a recurring one, and that a resolution of the issue would be helpful. However, as previously indicated, the Tax Court did not respond to plaintiff’s counsel’s letter requesting an amendment to the judgments entered by the Tax Court Administrator, and accordingly, we have no judicial decision before us for review. Hence, notwithstanding the importance of the issue to the litigants, in light of the special expertise of the Tax Court, we believe that court should determine the propriety of its form of final judgment in the first instance. Accordingly, we decline to exercise our original jurisdiction to decide the question; rather, we have determined to return the matter to the Tax Court for consideration of the issue. In view of his familiarity with this case and its possible idiosyncratic factual context, we recommend that Judge Kahn resolve the question.
The order of October 26, 2001 is affirmed; and the matter is remanded to the Tax Court for a determination of the finality of the judgments entered on November 9 and 16, 2001. We do not retain jurisdiction.

 Under the Freeze Act, a taxpayer is entitled to "freeze" a Tax Court judgment for the succeeding two-year period as long as there has not been a change in value and the municipality has not implemented a municipal-wide revaluation or reassessment. AVR Realty Co. v. Cranford Tp., 294 N.J.Super. 294, 298, 683 A.2d 235 (1996), certif. denied, 148 N.J. 460, 690 A.2d 608 (1997) (AVR I).

 At the trial, the expert had been asked by the Borough's counsel whether there was "any substantial or meaningful change in value between October 1994 and December 1996.” Kilpatrick's entire response was: "I think there could have been.”