KAHN, J.T.C.
This opinion arises from an order of remand by the Superior Court of New Jersey, Appellate Division,[1] entered March 3, 2003, to consider the propriety of judgments entered by the Tax Court Administrator on November 9 and 16, 2001.
*90 This court first decided the matter by opinion dated January 28, 1998. Following a full trial, this' court reduced the plaintiffs (taxpayer) property tax assessments for tax years 1990 through 1995, and the defendant (municipality) appealed.[2] After Appellate Division review, the Supreme Court denied certification (September 20, 2001), and the Tax Court’s judgment was affirmed.
Subsequent to September 20, 2001, the taxpayer moved for Freeze Act relief for 1995 (the base year of the judgment), as well as for 1996 and 1997. This motion was made returnable on October 26, 2001, several years subsequent to the relevant valuation dates for the subject “freeze” years. The municipality requested a two-week adjournment from this court to discover whether any changes were made to the property between the 1995 base year and the 1996 and 1997 “freeze” years, which would establish a defense to the taxpayer’s Freeze Act application. This court rejected the municipality’s adjournment request, concluding that in the circumstances of this ease, if a substantial change in valuation had occurred “the change would not have escaped the notice of the Borough.” Prior to the Freeze Act application, the taxpayer had filed tax appeals for 1996 and 1997.
By opinion dated October 26, 2001, this court granted the taxpayer’s motion for Freeze Act relief and denied the municipality’s adjournment request. The Tax Court Administrator memorialized this determination in separate judgments for each of the three years at issue. The judgment concerning tax year 1995 was entered on November 9, 2001 and stated in the third paragraph as follows:
This judgment is a final disposition of this ease and the entire controversy and of any actions pending or hereafter instituted by the parties concerning the assessment on the property referred to herein for said Freeze Act year(s). No Freeze Act year(s) shall be the basis of application of the Freeze Act for any subsequent year.
The same language was utilized in the judgments for 1996 and 1997, entered on November 16, 2001. As a consequence of *91 granting Freeze Act relief, the taxpayer’s appeals for 1996 and 1997 were dismissed.
On December 5, 2001, the municipality appealed this court’s determination, after which the taxpayer’s counsel wrote to this court as follows:
I am in receipt of Judgment reducing the assessment according to the Freeze Act for tax years 1996 and 1997. The Judgment contains language stating that the Judgment is a final disposition of the case and the entire controversy for those years (paragraph 3). Neither my Notice of Motion nor the Supporting Brief nor my oral argument requested that additional relief. Likewise, my recollection of Your Honor’s ruling is that the Freeze Act shall be granted, however, again there was no direction in Your Honor’s oral ruling that the Freeze Act should be a final determination for those tax years.
This case clearly establishes that the Freeze Act is not a bar to a further reduction for a year in which Freeze Act relief has been granted unless the taxpayer so requests and, indeed, I have been to the Appellate Division on at least two (2) occasions and received rulings to that affect [sic] from two (2) different Appellate Division panels.
While it is possible that Plaintiff will not pursue relief for further reduction for tax years 1996 and 1997 it is certainly premature to make that determination at this time.
Under the circumstances, it is respectfully requested that the clerk be directed to enter an amended Judgment for tax year 1996 and 1997 deleting paragraph three (3) from the Judgment.
This court did not respond to the aforementioned letter, and on December 21, 2001, the taxpayer filed a cross-appeal with the Appellate Division appealing the judgments entered by the Tax Court Administrator. By decision of March 3, 2003, the Appellate Division affirmed this court’s denial of the municipality’s adjournment request, but remanded to this court the issue of whether or not the Tax Court’s form of judgment (final) was proper.
The taxpayer alleges that the judgment form precludes taxpayer from litigating the 1996 and 1997 years. The taxpayer further alleges that the judgment form is not in conformity with this court’s October 26, 2001 order, which states:
IT IS on this 26 day of October, 2001,
ORDERED that Freeze Act judgment be entered reducing the assessment on Plaintiffs property for 1996 and 1997 in accordance with the 1995 Tax Court judgment for the subject property (Block 301, Lot: 2).
This court agrees.
Nowhere in its motion papers does the taxpayer seek a final judgment. In support of the taxpayer’s position that it has the *92 right to application of the Freeze Act on an interim basis, pending further disposition of the tax appeals heretofore filed, the taxpayer relies upon Clearview Gardens Associates v. Parsippany-Troy Hills Tp., 196 N.J. Super. 323, 482 A.2d 523 (App.Div.1984); Murnick v. Asbury Park City, 5 N.J.Tax 406 (1983), aff'd, 193 N.J.Super. 1, 471 A.2d 1203 (App.Div.1983) rev’d. in part on other grounds, 95 N.J. 452, 471 A.2d 1196 (1984); and the Appellate Division’s unreported decision of North Bergen Stores, Inc. v. Tp. of N. Bergen, Docket Number A-2561-82-T3 (App.Div.1983).[3]
In opposition to the taxpayer’s claim that it has a right to interim Freeze Act relief, as opposed to final judgments, the municipality argues: 1) that the granting of a Freeze Act application is an election of remedies which precludes a taxpayer from pursuing a timely filed appeal for a year in which Freeze Act relief has been obtained; and 2) that during oral argument, contrary to the taxpayer’s aforementioned letter, the taxpayer did in fact request final judgments by requesting refunds based on application of the Freeze Act.
The Freeze Act, N.J.S.A. 54:51A-8, states as follows:
Conclusiveness of judgment; changes in value; effect of revaluation program.
Where a judgment not subject to further appeal has been rendered by the Tax Court involving real property, the judgment shall be conclusive and binding upon the municipal assessor and the taxing district, parties to the proceeding, for the assessment year and for the 2 assessment years succeeding the assessment year covered by the final judgment, except as to changes in the value of the property occurring after the assessment date. The conclusive and binding effect of the judgment shall terminate with the tax year immediately preceding the year in which a program for a complete revaluation or complete reassessment of all real property within the district has been put into effect. If as of October 1 of the pretax year, the property in question has been the subject of an addition qualifying as an added assessment, a condominium or cooperative conversion, a subdivision or a zoning change, the conclusive and binding effect of such judgment shall terminate with said pretax year.
*93 If the assessor increases the assessment or fails to reflect on the tax duplicate a county board of taxation or Tax Court judgment issued prior to the final preparation of the tax duplicate in either of the two years following the year for which the judgment of the Tax Court was rendered and if said judgment is a final judgment not subject to further appeal, the burden of proof is on the taxing district to establish that the assessor acted reasonably in increasing the assessment. If the Tax Court finds that the assessor did not act reasonably in increasing the assessment or failed to reflect said judgment on the tax duplicate, the Tax Court shall award to the taxpayer reasonable counsel fees, appraisal costs and other costs which shall be paid by the taxing district.
There is no dispute that the target of the Freeze Act is to prevent a municipality from raising an assessment in the first and second years following a judgment, absent evidence demonstrating a change in the property’s value. City of Newark v. Fischer, 8 N.J. 191, 199-200, 84 A.2d 547, 551 (1951). Furthermore, as the Tax Court has stated, in Murnick v. Asbury Park City, supra, 5 N.J.Tax 406, “[t]he Freeze Act was not meant to be a vehicle for taxpayers to obtain lower assessments.” Id. at 414. During most property tax appeals, however, a taxpayer naturally files an appeal for each of the two years subsequent to the last year at issue to protect itself. “Election of remedies” has been defined as “choosing between two or more different and coexisting modes of procedure and relief allowed by law on the same state of facts.” Murphy v. Morris, 12 N.J.Super. 544, 547, 80 A.2d 128, 129 (Ch.Div.1951). The taxpayer’s filing of appeals for the “freeze” years does not constitute an election of remedies. The Appellate Division dealt precisely with this issue in Clearview Gardens Associates v. Parsippany-Troy Hills Tp., supra, 196 N.J.Super. 323, 482 A.2d 523, and held:
If [after obtaining Freeze Act relief] a taxpayer determines that it wishes to seek a lower valuation by way of appeal it may open itself to a claim by the municipality that a higher assessment is, in fact, warranted. Tp. of Wayne v. Robbie’s, Inc., 118 N.J.Super. 129, 135, 286 A.2d 725, 728 (App.Div.1972) certif. den., 60 N.J. 351, 289 A.2d 796 (1972). The burden of proof would be upon each of the parties to demonstrate that the assessment should be respectively lowered or raised. If both fail in discharging this burden, the Freeze Act valuation, mandated by statute, would remain effective.
[Id. at 830-31, 482 A.2d at 526-27.]
The Appellate Division in Clearview Gardens, supra, stated that “[t]he election is made only when the taxpayer seeks to enter judgment.” Id. at 332, 482 A.2d at 527. In the present case, since *94 the taxpayer is at the outset of litigation of its tax appeals and has requested interim Freeze Act relief, the taxpayer has not sought an entry of judgment for the “freeze” years and, therefore, no election has been made. Citing Clearview Gardens, supra, in 2nd Roc-Jersey Associates v. Morristown, 11 N.J.Tax 45, 55 (1990), the Tax Court stated: “Further, it has been held that the Freeze Act applies automatically, and a taxpayer has the right to seek application of the Freeze Act and also seek a further reduction in the assessment.”
As for the finality of this court’s October 26, 2001 judgment granting the taxpayer Freeze Act relief, it is necessary to interpret the Legislature’s intent in drafting the Act. The vast majority of cases which have interpreted the purpose of the Freeze Act, including Murnick v. Asbury Park City, supra, 5 N.J. Tax at 413; Clearview Gardens Associates v. Parsippany-Troy Hills Tp., supra, 196 N.J.Super. at 328, 482 A.2d at 525 (1984); AVR Realty Co. v. Cranford Tp., 294 N.J.Super. 294, 298, 683 A.2d 235, 236 (1996); International Fastener Research Corp. v. Town of Kearny, 2 N.J.Tax 494, 497 (1981); MSGW Real Estate Fund, LLC v. Mountain Lakes Borough, 18 N.J.Tax 95, 98 (1999) have cited the following language in the Supreme Court of New Jersey’s decision of Newark v. Fischer, supra, 8 N.J. at 199-200, 84 A.2d at 551:
The evil which the “freeze” statute sought to remedy was repeated yearly increases in the assessed value of property, not related to or justified by any changes increasing its market value, and resulting in harassment of the taxpayer, subjecting him to the trouble and expense of annual appeals to the county tax board.
Clearly, the purpose of the Act is to protect the taxpayer. To place a burden on the taxpayer to choose between litigating a tax appeal or seeking Freeze Act protection would be inconsistent with the Legislature’s intent. Furthermore, there is no indication in the Act’s legislative history that the Legislature intended that the application of the Freeze Act cut off the taxpayer’s rights to request a further reduction for the “freeze” years.
This court recognizes that the taxpayer cannot seek Freeze Act relief and await the results of its tax appeals to choose the lower figures; however, mere application of the Freeze Act does *95 not serve to render moot the possibility of requesting a further reduction for the subject “freeze” years.
Accordingly, this court directs the Tax Court Administrator to enter an amended judgment eliminating the word “final” therefrom. Dismissals of the 1996 and 1997 appeals (Tax Court docket numbers 001401-1996 and 001071-1997), are hereby vacated, and these matters shall be restored to the active trial calendar.

 Docket No. A-1697-01T2.

 During this period of time, taxpayer’s application for Freeze Act relief was rejected by the court because until September 20, 2001, the trial judgment was not considered final.

 In James Construction Co., Inc. v. Director, Div. of Taxation, 18 N.J.Tax 224 (1999), the Tax Court stated that ‘‘R. 1:36-3 forbids the citation of an unreported opinion. But if a case is mentioned and quoted at length and not cited as authority, the rule is not violated.” Id. at 229 n. 1 (citing Falcon v. American Cyanamid, 221 N.J.Super. 252, 261 n. 2, 262-64, 534 A.2d 403, certif. denied 108 N.J. 185, 528 A.2d 14(1987)).