720 A.2d 434 (1998)
316 N.J. Super. 401
AVR REALTY CO., c/o Rose, Plaintiff-Respondent,
v.
CRANFORD TOWNSHIP, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued October 27, 1998.
Decided December 1, 1998.
*435 Robert F. Renaud, Cranford, for defendant-appellant (Palumbo & Renaud, attorneys; Mr. Renaud, on the brief).
William J. Sitar, West Orange, for plaintiff-respondent (Mandelbaum & Mandelbaum, attorneys; Mr. Sitar, on the brief).
Before Judges BROCHIN and KLEINER.
The opinion of the court was delivered by KLEINER, J.A.D.
Defendant Cranford Township appeals from an adverse ruling of the Tax Court relating to Cranford's assessment of plaintiff AVR Realty Co.'s property for 1995. We conclude that the Tax Court failed to properly construe a prior decision of this court, AVR Realty Co. v. Cranford Tp., 294 N.J.Super. 294, 683 A.2d 235 (App.Div.1996), certif. denied, 148 N.J. 460, 690 A.2d 608 (1997) ("AVR I"), in which we invalidated Cranford's assessment of plaintiff's property for the tax years 1992 and 1993. AVR I fully analyzed the proper assessment procedure when the assessment for a forthcoming year implicates the Freeze Act, N.J.S.A. 54:51A-8. Contrary to the Tax Court decision, our review of the record reflects that Cranford's assessor followed the statutory procedure of N.J.S.A. 54:51A-8 in his assessment of plaintiff's property in 1994, and that his taxing procedure comports with our prior analysis in AVR I. We therefore reverse the Tax Court decision and remand to implement our decision in this appeal.

I
Although the factual history of this dispute is fully reviewed in AVR I, we will reiterate some salient facts. In 1992, plaintiff's seven-acre property included a brick mixed-use complex comprising office space, a restaurant facility and a motel structure with 180 guest rooms. In October 1992, plaintiff was granted a building permit to construct a one-story building and to convert the motel into a senior citizens' assisted living facility. The new building was designed for use as administrative offices, a reception area, a dining area, and a lounge for use by the residents of the senior citizens' facility. Plaintiff's building permit application estimated the cost of construction as $1,102,325.
On November 4, 1993, plaintiff received a certificate of occupancy and immediately began renting the units to senior citizens. The converted motel was fully occupied by 1994.
In October 1992, at the time the construction began, plaintiff's property was assessed for the tax year commencing January 1, 1993, at $14,884,100. Upon receiving the 1993 assessment, plaintiff appealed its tax assessment. After a trial on June 2, 1995, the Tax Court entered judgment reducing the 1993 assessment to $11,170,000.
In October 1995, plaintiff filed a motion in the Tax Court seeking to have the Freeze Act, N.J.S.A. 54:51A-8, applied to the tax assessment for 1994. Defendant opposed plaintiff's motion contending that plaintiff's new construction and the modifications to its pre-existing building had increased the value of plaintiff's property. The Tax Court concluded that defendant's failure to file a formal complaint alleging a change in the value of plaintiff's property was a jurisdictional defect; thus, plaintiff's motion was granted. Defendant appealed the Tax Court decision. In AVR I, we affirmed the decision of the Tax Court; however, in our decision we concluded that defendant was not required to *436 file a complaint alleging a change of value. Rather, defendant was not entitled to the higher assessment because it could not demonstrate that plaintiff's property had increased in value as plaintiff had not received its certificate of occupancy until November 4, 1993, after the October 1, 1993 deadline for increasing the assessment for the 1994 tax year. Id. at 301-02, 683 A.2d 235.
On October 24, 1996, plaintiff filed a motion to apply the Freeze Act to the assessment of plaintiff's property for the 1995 tax year. Defendant contended that, although it was precluded from raising the assessment on plaintiff's property for the 1994 tax year pursuant to AVR I, it was permitted to raise plaintiff's assessment for the 1995 tax year. The Tax Court concluded that defendant had failed to follow the statutory procedure and disallowed the increased assessment. As noted, we disagree and reverse.

II
The Freeze Act, N.J.S.A. 54:51A-8, provides:
Where a final judgment has been rendered by the tax court involving real property, the judgment shall be conclusive and binding upon the municipal assessor and the taxing district, parties to the proceeding, for the assessment year and for the 2 assessment years succeeding the assessment year covered by the final judgment, except as to changes in the value of the property occurring after the assessment date. Where those changes are alleged, the complaint shall specifically set forth the nature of the changes relied upon as the basis for the appeal. However, the conclusive and binding effect of the judgment shall terminate with the tax year immediately preceding the year in which a program for complete revaluation of all real property within the district has been put into effect.
The purpose of the Freeze Act is to prevent "the repeated yearly increases in the assessed value of property, not related to or justified by any changes increasing its market value and resulting in harassment of the taxpayer, subjecting him to the trouble and expense of annual appeals to the county tax board." Newark v. Fischer, 8 N.J. 191, 200, 84 A.2d 547 (1951).
Applying N.J.S.A. 54:51A-8 to the facts presented, the Tax Court judgment dated June 2, 1995, reducing plaintiff's 1993 assessment[1] to $11,170,000, protected plaintiff from any increased assessment for 1994 and 1995. However, N.J.S.A. 54:51A-8 does provide an exception to the freeze. A taxpayer may not apply the Freeze Act "to changes in the value of the property occurring after the assessment date. Where those changes are alleged, the complaint shall specifically set forth the nature of the changes relied upon as the basis for the appeal." Ibid.
As we noted in AVR I, "the techniques available to a taxing district for asserting a change-of-value claim depends on the timing of the entry of the Freeze Act judgment." 294 N.J.Super. at 299, 683 A.2d 235. Recognizing that an assessor must evaluate a property annually in October preceding the tax year, we noted:
[I]f the judgment for the base year has been entered prior to the assessment date for the Freeze-Act years, the assessor is no longer at liberty to make an independent assessment of value as of that date. Because the Freeze Act is self-executing, the assessor is obliged simply to conform the assessment for the freeze years to the judgment. Should the assessor believe that there has been a change of value as of the assessment date, the Freeze Act expressly requires the taxing district to file a complaint seeking relief from the base year assessment.

[Ibid. (citations omitted).]
The procedure changes, however, when the assessment is made before the entry of final judgment for the base year, as was the situation both in AVR I and in the present appeal:
Obviously, even though the assessor may know that the prior year's assessment has been challenged by the taxpayer, the assessor cannot know what the outcome of the challenge will be and what, if any, will be the base and the freeze years. Thus, *437 until final judgment is entered there is no constraint upon the assessor's exercise of the statutory obligation to assess annually according to true value on the assessment date, and there is neither reason nor opportunity, prior to the fact, to require the assessor to file a complaint in order to increase the prior year's assessment. If a final judgment is entered in the taxpayer's favor after that date, it is then the taxpayer's burden to seek the benefit of the Freeze Act by a motion filed in the original cause. R. 8:7(d). And if the assessor is of the view that a change of value has occurred between the base year assessment date and the freeze year assessment date, the taxpayer's motion can be defended against by the assertion of and, ultimately, by proof of that change.

[Id. at 299-300, 683 A.2d 235 (citations omitted).]
Here, the Tax Court judgment was entered on June 2, 1995. Obviously the date of judgment post dates the assessment date of October 1, 1993, for the tax year commencing January 1, 1994, and also post dates the assessment date of October 1, 1994 for the tax year commencing January 1, 1995. As noted in AVR I, if the Tax Court judgment is entered after the October 1 assessment date, the municipality may allege a change in value in their opposition to the motion to freeze. Id. at 299-300, 683 A.2d 235.
In order to defeat the application for the freeze and be entitled to a plenary hearing, the municipality must allege: (1) the change in value results from an internal or external change; (2) the change materialized after the assessing date of the base year; and (3) the change substantially and meaningfully increased the value of the property. Union Min. & Alloys Corp., 11 N.J.Tax 280, 283 (Tax 1990) (citing Cumberland Arms v. Burlington Tp., 10 N.J.Tax 255 (Tax 1988)). "Examples of changes internal to the property are physical refurbishment of the building or additions thereto such as added wings or added floors, which changes are easily ascertainable." Cumberland Arms, 10 N.J. Tax at 263. In AVR I, we indicated the change in use and additions to a property "may effect a substantial and meaningful change in value." 294 N.J.Super. at 301, 683 A.2d 235.
Defendant, in support of its opposition to plaintiff's motion to freeze the 1995 assessment, filed the certification of John Duryee, the Cranford Tax Assessor. In his certification, Duryee averred that the value of plaintiff's property changed between the assessing date for the 1993 tax year, October 1, 1992, and the assessing date for the 1995 tax year, October 1, 1994. He stated:
12. In my opinion, the value of the property as of October 1, 1994, was substantially and meaningfully changed and increased from what it had been on October 1, 1992. There are a number of changes in my opinion. First, there was the construction of the new building. Clearly, there was an increase in value occasioned by that construction. The building was constructed voluntarily by plaintiff after applying for and receiving approvals from the municipality.
13. The second reason for the change in value was the change of the hotel/motel portion of the premises to a completely different use, that of senior citizens' assisted living apartments and other facilities.... As can be seen from the lease, the new use was completely different from the former motel use. Formerly, motel rooms were rented on a daily or weekly basis. At "Senior Quarters", apartments were rented to tenants on an annual basis. Tenants were provided with [meals, personal care, housekeeping, utilities, and recreation].
The assessor also certified that on October 1, 1992, the net operating income was $761,960; on October 1, 1994, the net operating income was $1,102,000. He concluded, "[T]he property has significantly increased in value over that period of time."
The assessor's certification is a prima facie demonstration of a change in value and should have entitled defendant to a plenary hearing to determine whether a change in value was sufficient to deflect the freeze sought by plaintiff.
Here, the Tax Court judge did not focus upon N.J.S.A. 54:51A-8, but relied upon an analysis of the Added Assessment Law, *438 N.J.S.A. 54:4-63.1 to -63.11, and the Omitted Assessment Law, N.J.S.A. 54:4-63.12 to -63.40. The judge concluded that the assessor's failure to utilize either statute precluded his filing responsive pleadings in opposition to plaintiff's motion to invoke the Freeze Act to the 1995 assessment. We need not determine whether the judge's interpretation of either the Added Assessment Law or the Omitted Assessment Law was correct. Suffice it to say, N.J.S.A. 54:51A-8, as interpreted in AVR I, provides an assessor with a two-fold mechanism to challenge the Freeze Act: the assessor may file a complaint, or the assessor may file a responsive pleading to a complaint filed by a taxpayer seeking to invoke the Freeze Act. AVR I, 294 N.J.Super. at 299-300, 683 A.2d 235 (citing Union Min. & Alloys Corp. v. Kearny, 11 N.J.Tax at 283 (1990) (finding municipality was not required to file a Freeze Act complaint because the base year judgment was entered after the assessing dates for both freeze years)). We specifically noted:
[I]f the assessor is of the view that a change in value has occurred between the base year assessment date and the freeze year assessment date, the taxpayer's motion can be defended against by the assertion of and, ultimately, by proof of that change.

[AVR I, 294 N.J.Super. at 299-300, 683 A.2d 235 (emphasis added).]
Since N.J.S.A. 54:51A-8, as interpreted in AVR I, permitted the assessor to challenge the taxpayer's Freeze Act motion, we conclude the narrow view of the Tax Court deprived defendant of an opportunity to prove at a plenary hearing the change in the value of plaintiff's property occurring after the assessment date of October 1,1994.
Reversed and remanded for further proceeding. We do not retain jurisdiction.
NOTES
[1] 1993 became the "base year" in the assessment analysis.