KUSKIN, J.T.C.
In this local property tax matter, defendant opposes plaintiffs application for entry of judgment under N.J.S.A. 54:51A-8 (the “Freeze Act”) for tax year 1998 using a judgment entered for the tax year 1996 as the base year judgment. The Freeze Act provides in relevant part as follows:
Where a final judgment has been rendered by the tax court involving real property, the judgment shall be conclusive and binding upon the municipal assessor and the taxing district, parties to the proceeding, for the assessment year and for the 2 assessment years succeeding the assessment year covered by the final judgment, except as to changes in the value of the property occurring after the assessment date. Where those changes are alleged, the complaint shall specifically set forth the nature of the changes relied upon as the basis for the appeal.
Plaintiff’s appeal of the 1996 tax assessment on its property was resolved by settlement, and such settlement was reflected in a Tax Court Judgment dated August 6, 1996 reducing the assessment to $1,500,000. For tax year 1997, defendant’s tax assessor placed a regular assessment on the subject property in accordance with the 1996 judgment. However, as a result of improvements performed during 1997 and completed in May 1997, the assessor imposed an added assessment in the amount of $1,195,000 for twelve months of 1997, and, presumably, allocated the assessment for the seven months following the date of completion of the improvements. Plaintiff did not appeal this added assessment. The 1998 regular assessment on the subject property was $2,695,000, which represented the total of the 1996 judgment amount, plus the full amount of the 1997 added assessment.
*210 In opposing the application for a Freeze Act judgment for 1998, defendant relies upon Rockaway 80 Assocs. v. Rockaway Tp., 15 N.J.Tax 326 (Tax 1996), where this court held that the Freeze Act applies only to the regular assessment for a freeze year and not to an added assessment for that year. Defendant asserts that this holding should be, extended to preclude application of the Freeze Act to a year in which the regular assessment consists of an amount equal to the base year judgment plus the amount of an unappealej added assessment imposed for the preceding year.
Rockaway 80 explained the non-applicability of the Freeze Act to an added assessment as follows:
An added assessment may be imposed only when the “parcel of real property contains any building or other structure which has been erected, added to or improved after October 1____” and the value of the property as improved “exceeds the assessment made as of October 1 preceding____” N.J.S.A. 54:4-63.2 and 63.3. An added assessment, therefore, imposed for all or a portion of a freeze year must, by statutory definition, be based on a change in value occurring after October 1 preceding the freeze year. An increase in assessment based upon a change in value resulting from work completed prior to October 1 preceding the freeze year may not be imposed by an added assessment and may be imposed only if the municipality follows the appropriate procedure for asserting a change in value.
[Id. at 332 (citations omitted).]
The “appropriate procedure” to which the last sentence of this quotation refers is discussed in AVR Realty Co. v. Cranford Tp., 316 N.J.Super. 401, 720 A.2d 434 (App.Div.1998), certif. denied, 160 N.J. 476, 734 A.2d 791 (1999) (hereafter referred to as “AVR II”). There, the Appellate Division incorporated its holding in AVR Realty Co. v. Cranford Tp., 294 N.J.Super. 294, 683 A.2d 235 (App.Div.1996), certif. denied, 148 N.J. 460, 690 A.2d 608 (1997) (hereafter referred to as “AVR I”), that, when the base year judgment is entered after the assessment date (October 1 of the pretax year) applicable to a particular freeze year, the assessor is not obligated to assess the property at the base year judgment amount and may defend a motion for Freeze Act relief on the ground that the property has undergone a change- in value. If, however, the base year judgment is entered before the assessing date for the freeze year, the assessor is bound to assess the property for the freeze year at the base year judgment amount.
*211 Because the Freeze Act is self-executing, the assessor is obliged simply to conform the assessment for the freeze years to the judgment. Should the assessor believe that there has been a change of value as of the assessment date, the Freeze Act expressly requires the taxing districts to file a complaint seeking relief from the base year assessment.
[AVR Realty Co. v. Cranford Tp., supra, 294 N.J.Super., at 299, 683 A.2d 235 (citations omitted).]
In AVR II, the Appellate Division rejected the Tax Court’s conclusion that failure by the tax assessor to impose an added assessment or omitted assessment for the freeze year in question prevented the assessor from asserting a change in value as the basis for resisting application of the Freeze Act.
We need not determine whether the |Tax Court] judge’s interpretation of either the Added Assessment Law or the Omitted Assessment Law was correct. Suffice it to say, N.J.S.A. 54:51A-8, as interpreted in AVR 1, provides an assessor with a two-fold mechanism to challenge the Freeze Act: the assessor may file a complaint, or the assessor may file a responsive pleading to a complaint filed by a taxpayer seeking to invoke the Freeze Act.
[AVR Realty Co. v. Cranford Tp., supra, 316 N.J.Super. at 408, 720 A.2d 434 (citations omitted).J
The quoted language indicates that the applicability of the Freeze Act to a regular assessment is to be determined independently of concerns relating to added assessments or omitted assessments. Challenges to such applicability, therefore, are also to be determined under Freeze Act principles alone.
Under the facts before the court, the base year judgment for tax year 1996 was entered before the October 1 assessment dates for the freeze years 1997 and 1998. If no added assessment had been imposed for tax year 1997, the assessor would have been obligated to assess the subject property for 1997 and 1998 in accordance with the 1996 judgment, and the only mechanism available to the municipality to avoid applicability of the Freeze Act for 1998 would have been the filing of a Freeze Act avoidance complaint. Under AVR II, the imposition of an added assessment for tax year 1997 did not alter the assessor’s obligation to impose a regular assessment for tax year 1998 in accordance with the 1996 base year judgment, and did not alter the procedure which the assessor must employ to avoid application of the Freeze Act to 1998.
*212 Rockaway 80 does not require or suggest a different result. The rationale for that decision, as described above, is that the value of property, and, therefore, the existence of a change in value for Freeze Act purposes, must be determined as of October 1 preceding a freeze year. An added assessment for a freeze year, by definition, relates to improvements or additions performed after the October 1 valuation date. Accordingly, the Freeze Act does not apply to an added assessment which reflects an increase in value resulting from post-October 1 improvements or additions. This rationale is not applicable to a regular assessment based on the value of the subject property as of October 1 preceding the freeze year. As set forth in Rockaway 80, an increase in assessment for a freeze year, based upon pre-assessment date improvements or additions, “may be imposed only if the municipality follows the appropriate procedure for asserting a change in value.” Rockaway 80 Assocs. v. Rockaway Tp., supra, 15 N.J. Tax at 332.
Under AVR I and AVR II, the Freeze Act was applicable to 1998 in the absence of the filing of a Freeze Act avoidance complaint by the municipality. No such complaint was filed. Accordingly, plaintiffs application for Freeze Act relief for tax year 1998 is granted.
I recognize that granting plaintiffs motion produces a result which, on its face, appears anomalous. For tax year 1997, defendant’s assessor complied with the requirements of the Freeze Act and placed a regular assessment on the subject property in accordance with the 1996 Tax Court judgment. The added assessment which the assessor imposed for 1997 did not violate the Freeze Act. Under N.J.S.A. 54:4-63.2 and 63.3, an added assessment may be imposed only to the extent the value of property, after completion of an improvement or addition, “exceeds the assessment made as of October 1 preceding,” and the added assessment must be in the amount of “such excess.” An added assessment, therefore, may be imposed only if the property *213 in question has undergone a change in value. Such a change in value may be sufficient to defeat application of the Freeze Act.[1]
Here, plaintiff failed to appeal the 1997 added assessment. The reason for such failure is not before me. A reasonable (although not inescapable) inference is that plaintiff failed to appeal because the added assessment was both warranted and reasonable in amount. A second reasonable (although not inescapable) inference is that the change in value based on improvements or additions completed in May 1997 continued in place as of the October 1, 1997 assessment date for tax year 1998. Logic would suggest that, under these circumstances, the court should conclude that the value of the subject property as of October 1, 1997 had changed from its value as of October 1,1995 (the Freeze Act base year assessment date), that the amount of the change was fairly reflected by the 1997 added assessment, and, therefore, that plaintiff should not be entitled to freeze the 1998 assessment on the property using the 1996 base year judgment. Such a conclusion, however, is precluded by the holdings of AVR I and AVR II, which describe the “self-executing” operation of the Freeze Act and carefully, and clearly, set forth the procedures available to the assessor to avoid application of the Act. Defendant’s assessor failed to follow those procedures with respect to tax year 1998, and plaintiff is entitled to reap the benefit of such failure. See American Hydro Power Partners, L.P. v. Clifton, 9 N.J.Tax 259 (Tax 1987), aff’d 239 N.J.Super. 130, 570 A.2d 1246 (App.Div.1989), and American Hydro Power Partners v. Clifton, 11 N.J.Tax 12 (Tax 1990), aff’d in part, and remanded, in part on other grounds, *214 12 N.J.Tax 264 (App.Div.1991) (declaring invalid an added assessment and an omitted added assessment, each in the amount of $1,185,600 with respect to a newly constructed hydroelectric power plant, becaúse of the assessor’s failure to follow the applicable procedures for imposition of the assessments).

 A change in value sufficient to warrant an added assessment may not be sufficient to avoid application of the Freeze Act even if the assessor follows appropriate procedures. Freeze Act avoidance requires a demonstration of a change in value measured against the base year value. As set forth in 2nd RocJersey Assocs. v. Morristown, 11 N.J.Tax 45, 53 (Tax 1990), an assessment resulting from a settlement (such as the 1996 base year assessment here) does not eslablish the base year value of the subject property. Therefore, while an added assessment may represent a change in value from the base year assessniant, the added assessment does not automatically translate into a change in value from the base year value.