801 A.2d 1199

COASTAL EAGLE POINT OIL CO., PLAINTIFF–APPELLANT, v.
TOWNSHIP OF WEST DEPTFORD, DEFENDANT–RESPON-
DENT, AND BOROUGH OF WESTVILLE, DEFENDANT.

Superior Court of New Jersey
Appellate Division

Argued May 29, 2002—Decided July 19, 2002.

See also, 15 *N.J. Tax* 190.

Before Judges SKILLMAN, WALLACE, JR. and WELLS.

*Seth I. Davenport* argued the cause for appellant.

*John R. Lloyd* argued the cause for respondent (*Rosenblum Wolf & Lloyd,* attorneys; *Mr. Lloyd,* on the brief).

The opinion of the court was delivered by

SKILLMAN, P.J.A.D.

Plaintiff, which owns the Eagle Point Refinery in West Deptford Township and Westville Borough, appeals from an order denying

its motion under the Freeze Act, *N.J.S.A.* 54:51A–8, to freeze the tax assessment on its property in West Deptford for the 1988 and 1989 tax years at the assessment amount for the 1987 tax year.

For the 1987 tax year, West Deptford and Westville assessed plaintiff's refinery for the aggregate amount of $75,530,500. In *Coastal Eagle Point Oil Co. v. West Deptford Township*, 13 *N.J. Tax* 242 (Tax 1993), the Tax Court reduced the amount of those assessments to $48,406,400. On appeal, we affirmed this reduction in plaintiff's 1987 assessments. *Coastal Eagle Point Oil Co. v. West Deptford Township*, 15 *N.J. Tax* 190 (App.Div.), *certif. denied,* 143 *N.J.* 320, 670 *A.*2d 1061 (1995).

Plaintiff filed a motion with the Tax Court to freeze its 1988 and 1989 assessments at the amounts established for 1987 in accordance with the Freeze Act. See *R.* 8:7(d). West Deptford and Westville opposed the motion on the ground that plaintiff had made substantial improvements to its refinery between the assessment date for 1987 and the assessment dates for 1988 and 1989, which resulted in a substantial increase in the property's market value.

The Tax Court granted plaintiff's application for Freeze Act relief with respect to the 1988 tax year, but concluded that a plenary hearing was required with respect to the applicability of the Freeze Act to the 1989 tax year. The municipalities appealed the Tax Court's decision that plaintiff was entitled to Freeze Act relief with respect to the 1988 tax year, and we reversed in an unreported opinion. *Coastal Eagle Point Oil Co. v. West Deptford Township*, 15 N.J.Tax 190 (1995). We concluded that in view of plaintiff's expenditure of more than $10 million during 1988 for improvements in property assessed for $48,406,400 and the opinion of the municipalities' expert that those expenditures had "significantly enhanced" the property's market value, the municipalities were entitled to "a plenary hearing on the issue of change in value." (slip op. at 5). As a result of our decision, a plenary hearing was required with respect to the applicability of the Freeze Act to both the 1988 and 1989 tax years.

Before this hearing, the Tax Court solicited briefs and argument regarding two threshold legal issues: first, whether the Tax Court's prior determination of the property's value for the 1987 tax year established the base year value from which any change in value for the 1988 and 1989 tax years must be measured; and second, whether the municipalities were required to show that any change in the property's value between the 1987 base year and the 1988 and 1989 freeze years was attributable to improvements in the property as distinguished from an overall increase in its fair market value. The court ruled that its prior determination of the property's value for the 1987 base year was binding upon the parties under the doctrine of collateral estoppel. Neither party challenges this ruling, and it is not implicated in plaintiff's appeal.

As to the second issue it had posed, the Tax Court stated:

A change in value attributable solely to the fact that real estate values are generally on the increase is not the kind of change in value contemplated by the Freeze Act. Rather, a Freeze Act change in value must result from internal changes to the property, *e.g.*, capital improvements, or to property specific external changes that suggest a change in the property's highest and best use. (slip op. at 8).

The court ruled that "[the municipalities] must show that any change in value was attributable solely to the physical changes to the property, not to general inflationary trends in the real estate market or in refinery values[,]" and "[i]n addition, [the municipalities] must show that any changes in value were meaningful and substantial." *Ibid.*

Sometime after these rulings, plaintiff and Westville entered into a settlement. Thereafter, the case proceeded solely against West Deptford.

Before the hearing on the applicability of the Freeze Act could be held, the Tax Court judge to whom the case had been assigned died. The judge to whom the case was transferred construed the pretrial rulings of the previously assigned judge as precluding the parties from undertaking "to prove the value of the property for the 1988 and 1989 tax years." Moreover, the judge concluded that

he was barred by the "law of the case" doctrine from revisiting this issue.

The Tax Court concluded that even though it was impossible, in view of the pretrial ruling barring the introduction of evidence regarding the value of plaintiff's property for the 1988 and 1989 tax years, for West Deptford to prove that there had been a substantial and meaningful increase in the property's value between the base year and freeze years, plaintiff was still not entitled to the protection of the Freeze Act:

> I have concluded that West Deptford has not proved the amount of the change in value of the subject property from the base year (1987) to the freeze years (1988 and 1989). Because of certain pretrial rulings, particularly the one that precluded the parties from submitting proof as to the 1988 and 1989 value of the subject, the proof of the amount of change in value was almost impossible. I have found no way of proving the amount of change in value without proving before and after value. But after careful reflection, I also have concluded that in a complex case, such as this, there is no way to prove the amount of change in value, other than by proving value before and after the asserted change. To require a plaintiff-taxpayer to have to disprove a change in value in order to avoid application of the Freeze Act would render the protection of the Freeze Act meaningless. In order to get the protection of the Freeze Act ... a taxpayer would be put to the expense and nuisance of precisely what the act is intended to protect plaintiff from. Accordingly, in cases such as this, I have concluded what is implicit in and intended by the Appellate Division's May 1995 determination—when a taxpayer makes significant and meaningful expenditures on a parcel of real estate—it may not enjoy the protection of the Freeze Act. Stated another way, I have found that the defendant municipality has proven a significant and meaningful change in value, for purposes of the Freeze Act, without proving the precise amount of that change. This conclusion is difficult to reconcile with some of the technical rules which have grown up surrounding applications to apply or avoid the Freeze Act, but it is the only conclusion consistent with (1) the purposes of the Freeze Act (the avoidance of punitive and vindictive reassessments after successful tax appeals) ... (2) the fact that the taxpayer had made substantial ($19.2 million) expenditures on the property between the three assessing dates for 1987, 1988, and 1989, and (3) the Freeze Act's requirement of an abbreviated method of proving value.
>
> To allow the taxpayer to have its 1988 and 1989 assessments reduced to the 1987 level without any proof after having made expenditures of $19.2 million is not consistent with [the] stated purpose of the Freeze Act. To force the municipality or the taxpayer to advocate or defend against the proof of change in value submitted by defendant without being able to prove value as of the assessing dates is an impossible task. To force the parties to prove freeze year assessing date values is precisely what the Freeze Act is designed to avoid. The case law has put the parties in a situation which as a practical matter it is impossible to solve, other than for this court to conclude that when a taxpayer expends significant and meaningful

amounts on a refinery such as this, it may not seek the protection of the Freeze Act.

■  The Tax Court's view that a property owner which has expended substantial amounts of money for improvements between the assessment dates for the base year and freeze years may not claim Freeze Act protection, even though the municipality failed to show that those improvements resulted in a substantial increase in value, is inconsistent with the firmly established rule that to avoid application of the Freeze Act a municipality must show that changes in the property subsequent to the base year substantially and meaningfully increased the property's value. Therefore, we reverse the order denying plaintiff's application for Freeze Act relief and remand the case to the Tax Court for further proceedings to determine whether there was a substantial and meaningful increase in the property's value between the assessment dates for the base and freeze years.

The Freeze Act provides in pertinent part:

> Where a judgment not subject to further appeal has been rendered by the Tax Court involving real property, the judgment shall be conclusive and binding upon the municipal assessor and the taxing district, parties to the proceeding, for the assessment year and for the 2 assessment years succeeding the assessment year covered by the final judgment, except as to changes in the value of the property occurring after the assessment date.[1]

[*N.J.S.A.* 54:51A–8.]

The purpose of this provision was "to eliminate the harassment of requiring yearly [tax] appeals to be taken ... when there has been no change in the value of the property." *Borough of Hasbrouck Heights v. Division of Tax Appeals,* 41 *N.J.* 492, 498, 197 *A.*2d 553 (1964).

---

[1] This statute was amended in 1999 in respects that do not affect the issue presented in this appeal. *L.* 1999, *c.* 208, § 16. *N.J.S.A.* 54:3–26 provides comparable relief to a taxpayer based on a final judgment of a county board of taxation which is not appealed to the Tax Court.

■ To defeat a taxpayer's motion for the summary grant of Freeze Act relief,[2] a municipality must make a prima facie showing that there was a change in the property's value between the assessment dates for the base year and freeze years and that: "(1) the change in value result[ed] from an internal or external change; (2) the change materialized after the assessing date of the base year; and (3) the change substantially and meaningfully increased the value of the property." *AVR Realty Co. v. Cranford Township*, 316 *N.J.Super.* 401, 407, 720 *A.2d* 434 (App.Div.1998), *certif. denied*, 160 *N.J.* 476, 734 *A.2d* 791 (1999) (*AVR Realty II* ). If the municipality makes this prima facie showing, it is entitled to a plenary hearing regarding the applicability of the Freeze Act. *Ibid.; see also Entenmann's, Inc. v. Totowa Borough*, 19 *N.J. Tax* 505, 515 (Tax 2001); *Rockstone Group v. Lakewood Township*, 18 *N.J. Tax* 117, 120–21 (Tax 1999).

Plaintiff never challenged the Tax Court's determination that West Deptford made this prima facie showing regarding plaintiff's 1989 assessment, and we determined in our unpublished 1995 opinion that West Deptford made such a showing regarding the applicability of the Freeze Act to plaintiff's 1988 assessment. Moreover, plaintiff does not dispute that there were significant internal changes in plaintiff's property, consisting of substantial improvements in the refinery, and that those changes occurred after the base year assessment date. Consequently, the only question in this appeal is whether the Tax Court correctly determined that West Deptford satisfied its ultimate burden of showing the change in value of plaintiff's real property required to avoid application of the Freeze Act even though it failed to show the amount of that change or even that there was a net increase in the property's value.

---

[2] For a general discussion of the procedures governing administration of the Freeze Act, see Judge Pressler's opinion in *AVR Realty Co. v. Cranford Township*, 294 *N.J.Super.* 294, 298–300, 683 *A.2d* 235 (App.Div.1996), *certif. denied*, 148 *N.J.* 460, 690 *A.2d* 608 (1997) (*AVR Realty I* ).

This court and the Tax Court have repeatedly held that to prevent a taxpayer from obtaining Freeze Act relief, a municipality must show that an internal or external change in the property [3] occurring between the assessment dates for the base and freeze years "substantially and meaningfully" increased its value. *AVR Realty II, supra,* 316 *N.J.Super.* at 407, 720 *A.2d* 434; *AVR Realty I, supra,* 294 *N.J.Super.* at 300, 683 *A.2d* 235; *Entenmann's, supra,* 19 *N.J. Tax* at 512; *Rockstone Group, supra,* 18 *N.J. Tax* at 120; *2nd Roc–Jersey Assocs. v. Morristown,* 11 *N.J. Tax* 45, 52 (Tax 1990); *Cumberland Arms Assocs., supra,* 10 *N.J. Tax* at 272. Our courts have also indicated that a municipality may not discharge its burden of showing a substantial and meaningful increase in value by simply showing that the taxpayer made substantial improvements in the property after the base year assessment date. *See, e.g., AVR Realty I, supra,* 294 *N.J.Super.* at 301, 683 *A.2d* 235; *Union Minerals & Alloys Corp. v. Town of Kearny,* 11 *N.J. Tax* 280, 284–87 (Tax 1990); *2nd Roc–Jersey Assocs., supra,* 11 *N.J. Tax* at 52–53. As Judge Lasser explained in *2nd Roc–Jersey Associates:*

> [P]hysical change alone is not proof that a substantial and meaningful change in the market value of the property has occurred. It is only an indication that there may be a change in value. There may be instances in which a change in zoning or a physical change alone is sufficient to conclude that there has been a change in value, but whether that change is substantial and meaningful can only be measured by a showing of the value of the property before and after the change.
>
> [11 *N.J. Tax* at 52.]

The Tax Court's analysis and conclusion in this case cannot be reconciled with this firmly established line of authority. Therefore, we conclude that the Tax Court erred in denying plaintiff the

---

[3] "Examples of changes internal to the property are physical refurbishment of the building or additions thereto such as added wings or added floors, which changes are easily ascertainable.... [E]xamples of ... [external] ... change[s] are extreme economic changes within the close proximity of the subject property thereby increasing property value within its vicinity, ... [and] a zoning change affecting the subject property and/or the property within its immediate vicinity which increases the subject's value." *Cumberland Arms Assocs. v. Burlington Township,* 10 *N.J. Tax* 255, 263 (Tax 1988). This case involves internal changes consisting of substantial improvements to plaintiff's refinery.

benefit of Freeze Act protection based solely on evidence that plaintiff expended substantial amounts of money for improvements in its real property between the assessment dates for the base year and the freeze years, without requiring West Deptford to show that those improvements substantially and meaningfully increased the value of the property.

We also conclude that the trial court erred in ruling that the parties were precluded from presenting evidence of the property's value for the 1988 and 1989 tax years to show that plaintiff's improvements substantially and meaningfully increased the property's value. Although a hearing regarding the applicability of Freeze Act is not equivalent to "a regular fair market valuation hearing[,]" *AVR Realty I, supra,* 294 *N.J.Super.* at 300, 683 *A.*2d 235 (quoting *Cumberland Arms Assocs., supra,* 10 *N.J. Tax* at 271), and a municipality may be able to satisfy its burden of showing a substantial and meaningful increase in a property's value as a result of improvements without establishing the property's precise value in the freeze year, see *Rockstone Group, supra,* 18 *N.J. Tax* at 125, this does not mean that a municipality or taxpayer can be denied the right to present evidence of the property's value in the freeze years if it concludes that that is the most effective means of proving its case. Additionally, as illustrated by the hearing in this case, in which West Deptford's valuation expert, John O'Brien, testified for three full days, any attempt to establish a meaningful and substantial increase in a property's value by a method other than a comparison of its value on the assessment dates for the base and freeze years may result in an even more complicated and protracted hearing than a straightforward valuation hearing.

The Tax Court suggests that recognition of the relevancy of evidence of a property's value in the years for which Freeze Act protection is sought would require taxpayers to routinely obtain appraisals of their property in the freeze year whenever a municipality challenges the applicability of the Freeze Act. However, a taxpayer is entitled to summary relief under the Freeze Act

without presenting any evidence unless the municipality can make a prima facie showing of not only a substantial and meaningful increase in the property's value but also that that increase was the result of internal or external changes rather than just general inflationary trends. *AVR Realty II, supra,* 316 *N.J.Super.* at 407, 720 *A.*2d 434. Thus, a taxpayer is not required to obtain an appraisal report in order to move for Freeze Act relief. Moreover, even if the Tax Court concludes that a municipality has made the prima facie showing required to justify a plenary Freeze Act hearing and the municipality introduces evidence of the property's value in the freeze years at that hearing, the taxpayer may defend its claim to Freeze Act relief by simply cross-examining the municipality's expert, without presenting an appraiser's testimony, with the intention of presenting its own appraisal evidence only if the Tax Court concludes that the Freeze Act is inapplicable and conducts a valuation hearing. Therefore, we do not share the Tax Court's concern that the salutary purposes of the Freeze Act will be undermined by allowing the introduction of evidence of the property's value in the freeze years.

■ For the guidance of the court on remand, we also note our disagreement with the pretrial ruling that to defeat application of the Freeze Act, West Deptford must show that "any change in value was attributable solely to the physical changes to the property." Although West Deptford must show a substantial and meaningful increase in the property's value attributable to an internal or external change in the property, rather than general inflationary trends in the real estate market, to avoid the grant of Freeze Act relief, see *AVR Realty I, supra,* 294 *N.J.Super.* at 300–01, 683 *A.*2d 235, this does not mean that West Deptford must show that any change in value was attributable "solely" to such internal or external changes. "[R]arely, if ever, does a property ... not undergo a change in value from year to year[,]" *Mediterannean House v. Fort Lee Borough,* 7 *N.J. Tax* 528, 535 (Tax 1985), independent of the influence of the kind of internal or external changes required to defeat an application for Freeze Act

relief. Consequently, a municipality is not required to show that internal or external changes were the sole factor influencing an increase in a property's value to defeat a taxpayer's application for Freeze Act relief. Rather, the municipality must show that there was a substantial and meaningful increase in the property's value between the assessment dates for the base and freeze years and that internal or external changes in the property were a substantial contributing cause of that increase.

Accordingly, the order of the trial court denying plaintiff Freeze Act relief for the 1988 and 1989 tax years is reversed and the case is remanded to the Tax Court for further proceedings in conformity with this opinion.