PER CURIAM.
For reasons expressed in an opinion reported at 19 N.J.Tax 505 (Tax 2001), the Tax Court, on June 12, 2001, entered an order and judgment granting the application of Entenmann’s Inc. and 930 North Riverview Associates, L.L.C. (plaintiffs) for relief under the Freeze Act, N.J.S.A. 54:51A-8, for tax years 2000 and 2001, based upon a judgment reported at 18 N.J.Tax 540 (Tax 2000). On July 2, 2001, defendant municipality moved for a rehearing and reconsideration. Following study of the papers submitted on the motion and review of the oral arguments presented on August 17, 2001, Judge Kuskin denied the motion for reconsideration. He expressed his reasons for the ruling in a bench opinion on that date, amplified by a letter opinion dated October 9, 2001. In the oral opinion, Judge Kuskin stated that he did
not find sufficient statements, allegations or certified facts that would support ... reconsideration or rehearing under the standards set forth in the rules as explained in ... case[law]____
*185 [Movant’s] submission ... is very far from in any way establishing that the Court’s rulings were arbitrary, capricious or unreasonable within the context of the use of that phraseology in the D 'Atria or Cummings v. Barr decisions.
Judge Kuskin went on, however, to consider, reflectively and in substantial detail, in a “very painful review of the record” whether “some unfairness [to defendant] had inadvertently crept into these proceedings” through a series of procedural events. He concluded that the trial court had bent every effort
to insure that the defendant had been treated fairly and particularly had not been in any way misled by the Court[;]
and that
the record is such that [counsel for defendant] had fair warning of the Court’s intentions to hear the Freeze Act motion on its merits ..., that no adjournment request was made after that position of the Court was made clear to him and, therefore, it was appropriate for the Court to proceed and decide the motion on its merits ...[;]
and, further, that
although the position of the plaintiff with respect to the statute was not asserted initiallyt,] it was asserted within time for [defendant’s counsel] to have responded and reacted to that position before the return date of the motion.
Judge Kuskin then commented on the quality of the showings defendant had made in certifications in support of the motion for reconsideration and rehearing. He regarded those certifications, collectively, to be inadequate bases for granting defendant’s application. In his prior opinion deciding the Freeze Act issue initially, Judge Kuskin, at 19 N.J.Tax at 513-15, had held defendant’s showing to have been inadequate to defeat the Freeze Act application.
The judge characterized the certification of defendant’s appraiser on the reconsideration motion as inadmissible because it consisted of “essentially a net opinion” as to economic rent and therefore a net opinion as to valuation analysis. He viewed the certification as “providing] no information which was either available or could have been determined in response to the Freeze Act motion and submitted prior to the ... return date[,]” noting that “[t]he attitude of the Courts towards post-assessing date lease information has, generally speaking, been much stricter than the attitude with respect to post-assessing date sales information.”
*186 Judge Kuskin also characterized as net opinion the first of two certifications of the defendant municipality’s tax assessor submitted on the reconsideration motion: “it does not in any way indicate that the added assessment was attributable to an addition as I have interpreted the phrase in my [earlier] opinion.” The assessor’s second certification “belatedly” reflected a “realization] that there had been something that might be characterized as an addition.” The judge concluded:
It is apparent from the reading of the two certifications that this addition as described by [the assessor] was not the basis for the added assessment. There’s no way of determining from what he has submitted that it is the addition which “qualified for an added assessment or as an added assessment” in the words of the statute.
Finally, the judge noted “that all the information provided by [the assessor] in his two certifications was available and could have been presented in” a timely response by defendant to plaintiffs Freeze Act motion.
Notwithstanding the disposition of the reconsideration motion on the aforementioned grounds, Judge Kuskin went on to address, once again, the merits of the Freeze Act issues in the light of the certifications submitted. He opined that he
would have concluded that the defendant failed to establish either that a substantial and meaningful change in value had occurred because the only value information submitted by the defendant was a pure net opinion by [the appraiser], and I would have concluded that no addition qualifying as an added assessment occurred at the subject property during the year 2000 and, therefore would have ... granted the Freeze Act motion in the face of those certifications.
He went on to reflect on the policy considerations behind the Freeze Act supporting his evaluation of the certifications defendant had submitted.
Judge Kuskin concluded:
It is very tempting to the Court to provide relief to a litigant who in all candor comes before it and acknowledges that perhaps the responses could have been more complete initially and takes responsibility for what was and was not submitted.
On the other hand, there are two litigants before the Court and both are entitled to the same considerations of fairness.
... I have reviewed the record as carefully as I can and I find no basis on grounds of fairness or ... legal conclusions or the law to change the result____I see no basis for granting reconsideration or rehearing[.] ... [H]ad I granted that *187 motionU based on the submissions before me the result on the merits would be the same.
In his letter opinion amplifying the bench opinion, Judge Kuskin expressly dealt with and rejected defendant’s contention that a statutory interpretation the judge had articulated in his earlier opinion on the merits should be applied prospectively only. That issue is not raised on appeal.
Even though Judge Kuskin’s merits decision, as reflected in his opinion of May 29, 2001, reported at 19 N.J.Tax 505, has not been the object of a timely notice of appeal and is thus, technically and formally, not before us, we have elected, as Judge Kuskin did on the motion for reconsideration and rehearing, to reflect on the merits issues as well.
After reviewing the detail of the record in the light of the written and oral arguments advanced by the parties and pertinent legal standards, we agree substantially with the reasons for decision so carefully, completely and reflectively articulated by Judge Kuskin. We discern no misapplication of discretion in his reasons for denying defendant’s motion for reconsideration and rehearing; and we have been given no adequate basis as the matter comes before us for differing with the trial court’s interpretation and application of recent amendments to the Freeze Act.
Moreover, we discern no fatal procedural lapse not adequately justified by the judge’s reasoning, which amounted to a deprivation of fundamental proof opportunities comprehended in the two-stage process of consideration established in caselaw. See, e.g., AVR Realty Co. v. Cranford Twp. (AVR II), 316 N.J.Super. 401, 720 A.2d 434 (App.Div.1998), certif. denied, 160 N.J. 476, 734 A.2d 791 (1999). Defendant, in erroneously positing a three-stage process, contends that the primary error in this regard occurred when the trial court “collapsed the various standards in a fashion that subjected defendant to an improperly elevated hurdle just to be able to receive a plenary hearing.” We discern no such error. We regard as sound, both procedurally and substantively, Judge Kuskin’s evaluation that the material submitted by defendant in support of its position, initially and in its motion for *188 reconsideration and rehearing, did not qualify as a prima facie showing, entitling defendant to a plenary hearing on the issues. We also discern no lapse of discretion in Judge Kuskin’s denial, in the circumstances, of defendant’s motion for discovery of a lease between plaintiffs.
In sum, in the light of the substantive and procedural standards articulated in Coastal Eagle Point Oil Co. v. Township of West Deptford, 353 N.J.Super. 212, 801 A.2d 1199 (App.Div.2002); AVR II, supra, 316 N.J.Super. at 407-08, 720 A.2d 434; and AVR Realty Co. v. Cranford Twp. (AVR I), 294 N.J.Super. 294, 683 A.2d 235 (App.Div.), certif. denied, 148 N.J. 460, 690 A.2d 608 (1997), we discern no deficiency in reasoning qualifying for corrective action by us concerning either the quality of the showings defendant made in support of the motion for reconsideration and rehearing, or its adequacy in tending to meet the burden assigned to defendant in response to plaintiffs Freeze Act application. See Clearview Gardens Assoc. v. Parsippany-Troy Hills Twp., 196 N.J.Super. 323, 330, 482 A.2d 523 (App.Div.1984).
Affirmed.