**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4402-18T3

160 CHUBB
PROPERTIES, LLC,

     Plaintiff-Respondent,

v.

TOWNSHIP OF LYNDHURST,

     Defendant-Appellant.

_____

Argued telephonically July 28, 2020 –
Decided August 4, 2020

Before Judges Sumners and Mayer.

On appeal from the Tax Court of New Jersey, Docket
No. 2442-2014, whose opinion is reported at 30 N.J.
Tax 613 (Tax 2018), and Docket No. 6305-2015, whose
opinion is reported at 31 N.J. Tax 192 (Tax 2019).

Kenneth A. Porro argued the cause for appellant
(Chasan Lamparello Mallon & Cappuzzo, PC,
attorneys; Kenneth A. Porro, of counsel and on the
brief; Edna J. Jordan, on the brief).

Robert J. Guanci argued the cause for respondent
(Waters, McPherson, McNeill, PC, attorneys; Joseph G.

Rango and Eric D. McCullough, of counsel; Robert J. Guanci, on the brief).

PER CURIAM

The Township of Lyndhurst appeals from the Tax Court's January 3, 2019 order entering judgment, and its reconsideration order of May 31, 2019, granting the application by plaintiff 160 Chubb Properties, LLC (160 Chubb) for taxpayer's relief for the 2017 tax year under the Freeze Act, N.J.S.A. 54:51A-8, based upon a 2015 tax appeal judgment. We affirm substantially for the reasons set forth by Tax Court Judge Jonathan A. Orsen in his cogent published decisions, 160 Chubb Props., LLC v. Twp. of Lyndhurst, 30 N.J. Tax 613 (2018) ("Chubb I") and 160 Chubb Props., LLC v. Twp. of Lyndhurst, 31 N.J. Tax 192 (2019) ("Chubb II").

I.

Because the parties are very familiar with the facts and procedural history, both of which are well-documented in Chubb I and Chubb II, we need not devote much discussion to the background of this dispute. A brief summary will therefore suffice.

On November 5, 2015, the parties reached a stipulation of settlement resolving property tax appeals by 160 Chubb for the 2014 and 2015 tax years

pertaining to a multi-unit office building (the property).[1] The settlement permitted 160 Chubb to apply the Freeze Act for the 2016 tax year, which would limit the property's taxes to the 2015 tax year assessment, but was silent as to the 2017 tax year. In pertinent part, the settlement stated:

> The parties agree that there has been no change in value or municipal-wide revaluation or reassessment adopted for the tax year 2016, and therefore agree that the provisions of [N.J.S.A.] 54:51A-8 (Freeze Act) shall be applicable to and a final disposition of this case and the entire controversy and of any actions pending or hereafter instituted by the parties concerning the assessment on the property referred to herein for said Freeze Act year. No Freeze Act year shall be the basis for application of the Freeze Act for any subsequent year.

In accordance with the settlement, the Tax Court entered a December 18, 2015, judgment reducing the property's tax assessment from $16.25 million to $13 million for the 2014 and 2015 tax years.

In 2016, Lyndhurst assessed the property at the original pre-settlement assessment of $16.25 million. 106 Chubb's successful appeal to the County Tax Board reduced the property's assessment to $13 million in keeping with the settlement and judgment.

---

[1] 160 Chubb purchased the property for $10.3 million in December 2013.

A-4402-18T3

In November 2016, CCC NJ Owner, LLC (CCC NJ), purchased the property from 106 Chubb for $20.025 million. When Lyndhurst assessed the property at $16.25 million for the 2017 tax year, CCC NJ filed a Freeze Act application with the Tax Court in May 2017, and over two months later, submitted a Freeze motion for entry of judgment. Both parties submitted certifications in support of their respective positions. Oral argument was held but a fact-finding hearing was not conducted.

On December 14, 2018, Judge Orsen issued his decision, Chubb I, granting 106 Chubb relief for the 2017 tax year under the Freeze Act. The order confirming the decision was entered on January 3, 2019.

Lyndhurst filed a motion for reconsideration. Judge Orsen issued a May 31, 2019 order together with his decision, Chubb II, denying the motion.

II.

In our review of a Tax Court's judgment, "[w]e recognize the expertise of the [court] in this 'specialized and complex area.'" Advance Hous., Inc. v. Twp. of Teaneck, 215 N.J. 549, 566 (2013) (citation omitted). The Tax Court's factual "findings will not be disturbed unless they are plainly arbitrary or there is a lack of substantial evidence to support them." Yilmaz, Inc. v. Dir., Div. of Taxation, 390 N.J. Super. 435, 443 (App. Div. 2007) (citation omitted). Thus, we examine

"whether the findings of fact are supported by substantial credible evidence with due regard to the Tax Court's expertise and ability to judge credibility." Ibid. (citation omitted). However, our review of the Tax Court's legal conclusions is de novo. United Parcel Serv. Gen. Servs. Co. v. Dir., Div. of Taxation, 430 N.J. Super. 1, 8 (App. Div. 2013).

The present controversy involves the Tax Court's application of the Freeze Act, which protects a taxpayer by "freezing" an assessment for the two years following a tax year for which there is a final judgment of the Tax Court. N.J.S.A. 54:51A-8; see also R. 8:7(d). In addition, "judgments of the Tax Court obtained by settlement between the parties . . . are entitled to Freeze Act protection." Grandal Enters., Inc. v. Borough of Keansburg, 292 N.J. Super. 529, 537 (App. Div. 1996) (citing S. Plainfield Borough v. Kentile Floors, Inc., 92 N.J. 483, 487-89 (1983)). The Act "is designed to protect the taxpayer and grant repose to a final judgment of the Tax Court for a period of two years, preventing arbitrary actions of the taxing authority." Hackensack City v. Bergen Cty., 405 N.J. Super. 235, 250 (App. Div. 2009) (citation omitted).

A Freeze Act action filed by a taxpayer is independent of any tax appeal pursued by the taxpayer under N.J.S.A. 54:3-21, which challenges the fairness of an assessment. Because the statute is "self-executing[,]" "[i]t is not necessary

for a taxpayer to file a tax appeal to obtain the benefit of the Freeze Act. Hackensack City, 405 N.J. Super. at 247 (quoting Grandal Enters., 292 N.J. Super. at 537).  A taxpayer has the option to seek both a reduction in a property's assessment and pursue a Freeze Act claim.  See Grandal Enters., 292 N.J. Super. at 538.  The Act also applies if a stipulation of settlement is silent as to the Act's application.  S. Plainfield Borough v. Kentile Floors, Inc., 4 N.J. Tax 1, 10 (Tax 1981) (holding consent by the parties to the "availability of the Freeze Act for the benefit of the taxpayer" is "not a prerequisite to the operation of the statute" therefore, "[t]he absence of an agreement by the parties to apply the Freeze Act is not relevant").

There are two exceptions to the Freeze Act: "[(1)] when the taxing authority demonstrates circumstances occurring after the base year assessment date that result in an increase in the value of the property or [(2)] when the taxing authority implements a revaluation program affecting all property in the tax district."  Grandal Enters., 292 N.J. Super. at 536; see also N.J.S.A. 54:51A-8(a).  Unless one of these exceptions apply, "the application of the Freeze Act is 'mandatory and self-executing.'"  Rockaway 80 Assocs. v. Rockaway Twp., 15 N.J. Tax 326, 331 (1996) (quoting Clearview Gardens Assocs. v. Parsippany-Troy Hills Twp., 196 N.J. Super. 323, 328 (App. Div. 1984)).

A-4402-18T3

Here, Lyndhurst contends the basis for its $16.25 million 2017 tax assessment was the property's increased value.  For the taxing authority to sustain a claim of increased property value, this court has held there must be a prima facie showing: "(1) the change in value result[ed] from an internal or external change; (2) the change materialized after the assessing date of the base year; and (3) the change substantially and meaningfully increased the value of the property."  Coastal Eagle Point Oil Co. v. Twp. of W. Deptford, 353 N.J. Super. 212, 218 (App. Div. 2002) (alteration in original) (quoting AVR Realty Co. v. Cranford Twp., 316 N.J. Super. 401, 407 (App. Div. 1998)).  Only when a prima facie case is shown will a plenary hearing be held to determine Freeze Act applicability.  Ibid.

"The Freeze Act . . . may be invoked at the option of the taxpayer on motion for supplementary relief to the Tax Court under the caption of the Tax Court judgment for the base year to which the Freeze Application is sought."  R. 8:7(d).  "The taxpayer need not submit any affidavits concerning the lack of change in value or that there has been no general revaluation."  Clearview Gardens Assocs., 196 N.J. Super. at 329.

A-4402-18T3

We first address Lyndhurst's argument that there was a genuine dispute of material fact precluding entry of judgment in favor of 106 Chubb without a plenary hearing. Specifically, Lyndhurst relied on certifications of its Tax Assessor and counsel, asserting the parties intended the settlement agreement to be limited to the 2016 tax year and not to extend to the 2017 tax year; and 106 Chubb's construction permits for property improvement totaling $355,100 increased the property's value. Lyndhurst also cited its tax assessor's claim the property's value increased because it was sold to CCC NJ for $20.025 million in 2016 and its tenancy occupancy rate is much more in 2017, than in 2013, when 106 Chubb acquired the property. Lyndhurst maintains because 106 Chubb disputed these assertions, a plenary hearing was warranted.

Judge Orsen rejected the argument that a hearing was necessary to determine whether the settlement agreement included application of the Freeze Act to the 2017 tax year. The judge held:

> [S]ince the Freeze Act is self-executing, it is not necessary to expressly invoke its application. The court focuses instead on whether a taxpayer deliberately and intentionally waived Freeze Act protection. Here, the court observes that there is no express mention of the term waiver, nor is there any indication that [106] Chubb requested or agreed to waive Freeze Act protection for the 2017 tax year. Notwithstanding the

lack of written waiver by [106] Chubb, Lyndhurst has not presented support for any action taken by [106] Chubb implying an intentional surrender of Freeze Act protection or continued indifference in exercising its Freeze Act protection rights.

[Chubb I, 30 N.J. Tax at 625].

We see no cause to disagree with Judge Orsen's reasoning. A plenary hearing was unnecessary because Lyndhurst's certifications did not overcome the self-executing application of the Freeze Act where there was no indication 106 Chubb waived its statutory rights. As the judge recognized in citing Scibek v. Longette, 339 N.J. Super 72, 83 (App Div. 2001), "[w]hile an intention to waive [F]reeze [Act] protection by a party does not need to be expressly stated, it must be demonstrated that the party had full knowledge of its legal rights and that the relinquishment of its rights was deliberate and intentional." Chubb I, 30 N.J. at 624.

Likewise, the judge properly rejected Lyndhurst's contention a plenary hearing was warranted because of the property's occupancy rate, the selling price to CCC NJ, and the construction permits issued to 106 Chubb evidenced the property's increased value, thus establishing a statutory exception to the Freeze Act. The judge determined Lyndhurst's tax assessor made

> unsubstantiated assertions that, "[b]ased upon [106 Chubb's] representation," the subject property was

9

substantially unoccupied at the time of [106] Chubb's purchase without providing any corroborating evidence. In accordance <u>Ritchie & Page Distrib. Co., Inc.</u> [<u>v. City of Trenton</u>, 29 N.J. Tax 538, 545 (2016)] and <u>Union Minerals & Alloys Corp.</u> [<u>v. Kearny Town</u>, 11 N.J. Tax 280, 285 (1990)], the court cannot find that bare allegations of increases in tenant occupancy, unrelated to changes in market conditions, are sufficient as a matter of law to demonstrate a substantial change in value.

The court finds that Lyndhurst's heavy reliance on the tax assessor's certification concerning increased occupancy of the subject property, without supporting evidence, is insufficient as a matter of law to demonstrate a substantial and meaningful change in value.

[<u>Chubb I</u>, 30 N.J. Tax at 627-28.]

Concerning the sale price to CCC NJ and the construction permits, the judge determined:

Since sales price is merely a 'guiding indicium' of value, it does not establish, per se, a change in value for purposes of the Freeze Act. Lyndhurst must first demonstrate that a substantial and meaningful change in value has occurred before the court will grant a request for a plenary hearing. Here, Lyndhurst has not provided any evidence in this regard. Rather, it asks the court to grant a plenary hearing based on bare unsupported allegations that the work performed under the permits impliedly constituted more than just retrofitting, upgrading, or remediation of deferred maintenance, based on the November 2016 sale price of the subject property. Without more, the court finds that Lyndhurst's reliance on the construction permits fails to

10

demonstrate a substantial and meaningful change in value of the subject property to warrant denial of [106] Chubb's Freeze Act application.

[Id. at 629-30 (emphasis omitted).]

We see no cause to disagree with the judge's reasoning, which in large part was based upon his credible assessment of the factual record. A plenary hearing was unnecessary because Lyndhurst failed to establish: (1) the construction permits were more than the property's rehabilitation and improvements in the ordinary course of building maintenance; and (2) the property was substantially unoccupied when 106 Chubb purchased the property.[2] Moreover, Lyndhurst's sole assertion of the property's sale price was not sufficient evidence of a change in value under the Freeze Act

B.

In evaluating Lyndhurst's reconsideration motion, Judge Orsen keenly noted the municipality's arguments were basically the same that he rejected in granting 106 Chubb's Freeze Act's application for 2017 tax year. Chubb II, 31 N.J. at 196. Thus, in applying the well-settled standards set forth in Rule 4:49-

---

[2] In dismissing Lyndhurst's contention it needed discovery to substantiate the property's occupancy rate, Judge Orsen pointed to 106 Chubb's contention the municipality failed to take advantage of "the Chapter 91, N.J.S.A. 54:4-34, 'arsenal of devices' . . . for investigating occupancy of a property." Chubb I, 30 N.J. Tax at 628 n.4.

2, D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990), Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996), and Capital Fin. Co. of Del. Valley, Inc. v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008), the judge properly denied Lyndhurst's motion for reconsideration. Chubb II, 31 N.J. at 198-99.

The judge acknowledged Lyndhurst's new arguments that "[106] Chubb had no legal standing to . . . [seek] Freeze Act relief for tax year 2017, [and CCC NJ] received a 'windfall' that should not be permitted as [it] neither negotiated the base year settlement nor was it a named party to the Freeze Act motion." Id. at 196. The judge dismissed the standing argument, noting the Freeze Act is "'mandatory and self-executing[,]'" Clearview Gardens Assocs., 196 N.J. Super. at 328, therefore, "'[a] subsequent owner has the right to apply the Freeze Act, for a subsequent year, to a judgment obtained by a prior owner for a prior year[,]" ADP of N.J., Inc. v. Parsippany-Troy Hills Twp., 14 N.J. Tax 372, 378 (1994). Chubb II, 31 N.J. Tax at 200. Because CCC NJ had an interest in keeping the status quo tax assessment for 2017 as the new property owner and Rule 8:7(d) required its Freeze Act's application to use the same caption in which 106 Chubb was initially granted Freeze Act relief for the 2016 tax year, CCC NJ had standing as successor in title. Id. at 200.

The judge also found there was no merit to Lyndhurst's contention CCC NJ received an unwarranted windfall because its Freeze Act application is consistent with the Act's clear legislative intent of conferring rights to ownership, and those rights were not waived by 106 Chubb prior to selling the property. Id. at 206. We see no fault with this factual and legal determination.

As Judge Orsen correctly found, Lyndhurst presented "no new or additional facts or evidence in support of its motion for reconsideration, nor proffered any law or authority it believes [he] failed to weigh or consider in these matters[,]" nor showed his initial decision "was palpably incorrect or irrational." Ibid. We also agree with the judge that Lyndhurst failed to show he acted in an arbitrary, capricious, or unreasonable manner by freezing the property's taxes for 2017 at the 2016 tax year assessment. Ibid.

Any arguments made by Lyndhurst that we have not expressly addressed are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

13